BRAUSCH v BRAUSCH

Docket No. 282985. Submitted October 8, 2008, at Grand Rapids. Decided April 14, 2009, at 9:10 a.m.

Candice N. Brausch obtained a divorce from Michael T. Brausch in the Kalamazoo Circuit Court, Family Division, Curtis J. Bell, J., which entered a consent judgment that awarded the plaintiff sole legal and physical custody of the parties' child and awarded the defendant reasonable parenting time as agreed between the parties. The judgment additionally provided that the child's Michigan residence could be changed with no limitation on the distance between the Michigan residence and a new residence and without prior court approval, as long as the defendant was provided with an opportunity for reasonable parenting time. After the plaintiff moved to Toronto, Canada, with the child, the defendant moved for a modification of legal custody, for the restoration of parenting time to what it had been before the move, and for an ex parte order prohibiting the removal of the child from Michigan. The court denied ex parte relief and entered an interim order regarding the defendant's parenting time. After a hearing, the court ordered the child's return to Kalamazoo County, awarded the parties joint legal custody of the child, and ordered a specific parenting time schedule for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred by ordering the child's return to Michigan. MCL 722.31(1) provides that a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order was issued. However, MCL 722.31(2) provides that a parent's change of a child's legal residence is not restricted by MCL 722.31(1) if the other parent consents to, or if the court, after considering the factors outlined in MCL 722.31(4), permits, the residence change. MCL 722.31(2) also provides that MCL 722.31 does not apply if the order governing the child's custody granted sole legal custody to one of the child's parents. Under MCR 3.211(C), an order awarding child custody must provide that (1) the child's domicile or residence may not be

moved from Michigan without the approval of the judge who awarded custody or that judge's successor, (2) the person awarded custody must promptly notify the friend of the court in writing when the minor is moved to another address, and (3) a parent whose custody or parenting time of a child is governed by the order shall not change the legal residence of the child except in compliance with MCL 722.31. Reading MCL 722.31 and MCR 3.211(C) together, when a parent with sole legal custody of a child desires to relocate, the parent must first obtain the trial court's approval, but the factors codified in MCL 722.31(4) do not apply to the request. In this case, the trial court tacitly approved the child's move to Canada when it denied the defendant's ex parte motion for relief and ordered specific parenting time for the defendant.

2. The trial court erred by entering a judgment of divorce that dispensed with the requirement in MCR 3.211(C) of prior court approval for a change in the child's domicile or residence. That part of the judgment was unenforceable and must be stricken.

3. The trial court erred in its application of MCL 722.31 to this case when it ruled that the 100-mile rule of MCL 722.31 applied only to moves within the state and that the factors listed in MCL 722.31(4) must be considered for moves outside Michigan regardless of which parent has legal custody.

4. The trial court erred by faulting plaintiff for following provisions of the divorce judgment that it approved but are improper. An erroneous judgment is binding until it is set aside. The trial court also erred by believing that Canadian courts would not enforce the trial court's orders. Canada is a "state" for the purposes of the Uniform Child-Custody Jurisdiction and Enforcement Act, MCL 722.1101 *et seq.*, has been a signatory to the Hague Convention since 1988, and has adopted specific and far-reaching legislation protecting the rights of noncustodial parents, including those who are not Canadian citizens.

5. The trial court abused its discretion by changing the custody provisions of the divorce judgment. The defendant failed to satisfy the threshold requirement of showing proper cause or a change in circumstances that warrants revisiting the custody order. Not all geographic moves alter a child's established custodial environment. It is possible to have a domicile change that is more than 100 miles away from the original residence without having a change in the established custodial environment. The modified custody order must be reversed, and the case must be remanded for further proceedings.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — LEGAL CUSTODY — CHANGES OF CHILD'S DOMICILE OR RESIDENCE.

A parent awarded sole legal custody of a child in a divorce action needs the trial court's approval for any change of the child's domicile or residence; the court, in considering such a request, need not consider the factors codified in MCL 722.31(4) (MCL 722.31; MCR 3.211[C]).

2. JUDGMENTS — ERRONEOUS JUDGMENTS.

A judgment that is entered in error is valid and binding for all purposes until it is set aside.

3. PARENT AND CHILD — CHILD CUSTODY — WORDS AND PHRASES — PROPER CAUSE NECESSARY FOR REVISITING CUSTODY ORDERS — BEST-INTEREST FACTORS.

A movant seeking to establish "proper cause" necessary to revisit a child custody order under MCL 722.27(1)(c) must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court; an appropriate ground should be relevant to at least one of the 12 statutory best-interest factors, MCL 722.23, and must be of such magnitude that it has a significant effect on the child's well-being.

4. PARENT AND CHILD — CHILD CUSTODY — WORDS AND PHRASES — CHANGE OF CIRCUMSTANCES NECESSARY FOR REVISITING CUSTODY ORDERS — BEST-INTEREST FACTORS.

A movant seeking to establish a "change of circumstances" necessary to revisit a child custody order under MCL 722.27(1)(c) must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed; the relevance of the facts presented should be gauged by reference to the statutory best-interest factors outlined in MCL 722.23.

*Rathert Law Offices, P.C.* (by *Kenneth A. Rathert*), for the plaintiff.

*Vlachos & Vlachos, P.C.* (by *Nicholas A. Vlachos*), for the defendant.

Before: MARKEY, P.J., and SAWYER and K. F. KELLY, JJ.

PER CURIAM. Plaintiff appeals by right the custody modification order entered by the trial court following a

two-day evidentiary hearing. Plaintiff argues that the trial court failed to enforce the parties' agreement and the judgment of divorce regarding custody and change of residence, that the trial court erroneously applied MCL 722.31 and MCR 3.211(C) to the instant case, and that the trial court abused its discretion by modifying the custody order. We reverse and remand for further proceedings.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant were married on October 30, 1999, and their only child was born on January 28, 2004. The parties separated on June 24, 2005, and plaintiff filed a complaint for divorce on July 27, 2005. While the divorce was pending, plaintiff and the child resided with plaintiff's parents in Portage, Michigan. During that time, the child attended half-day sessions at day care. Defendant claimed that he frequently picked up the child from day care and took her to day care the following day. Generally, the child spent Tuesdays, Thursdays, and alternate weekends with defendant; however, defendant conceded that there was no regular or consistent parenting time schedule. Additionally, plaintiff frequently traveled out of town or out of the country, often with the child.

The parties ultimately stipulated that "this matter may stand on the pleadings filed herein, without further notice to the defendant, and the court may enter a judgment of divorce so long as it bears defendant's signature." The trial court entered the judgment of divorce on February 6, 2006, determining that plaintiff had presented satisfactory proof that the material facts contained in her complaint were true and that there was a breakdown of the marital relationship. In the judgment, the trial court awarded plaintiff sole legal

and physical custody of the child and provided that "defendant shall have reasonable parenting time as agreed to by the parties." The trial court also approved two provisions in the judgment of divorce that indicated that there were no prohibitions against moving the child out of state or more than 100 miles:

> It is further ordered that the minor child is currently domiciled in Michigan. However, the domicile or residence of the minor child can be moved from Michigan without obtaining prior approval of the court so long as the non-custodial parent is aware of the location of the child and is provided with the opportunity for reasonable parenting time with the child.

* * *

> It is further ordered that, pursuant to MCL 722.31, the prohibition against moving the minor child does not apply to this case, as the plaintiff has sole legal custody of the child.

According to defendant, his parenting time became less regular after June 2006 when plaintiff removed the child from day care. In October 2006, plaintiff and the child moved to Toronto, Ontario, where they resided with plaintiff's new boyfriend.[1] Plaintiff claimed that defendant knew of and acquiesced to her move; however, defendant denied that he knew, indicating that he only learned about the move on April 5, 2007, after pressing plaintiff about his decreased parenting time.

On May 25, 2007, instead of filing a motion for enforcement of, or for specific, parenting time, defendant moved to modify legal custody and to restore his parenting time to what he alleged was the *status quo ante*. Defendant also moved for an ex parte order prohibiting the removal of the child from the state of

---

[1] Plaintiff and her boyfriend are now married.

Michigan. At the hearing on July 9, 2007, the trial court denied ex parte relief, concluding that defendant had failed to demonstrate specific facts that irreparable injury, loss, or damage would result. The trial court also entered an interim order providing that the child would spend the third weekend of every month, from Thursday to Sunday, with defendant. It further stated that it would hold a hearing:

> Specifically we're going to deal with the issue of economics,[2] so if you guys don't have that figured out in terms of support. Also in terms of what we're going to do from here in terms of visitation, et cetera. I am a very large proponent of having both parents deeply involved in these children's lives—or this child's life . . . .
>
> * * *
>
> [I]f he is willing to step up to the plate now and do it, you should embrace that and let him live the words that he says he's going to do. Because it's very, very important for you and your child to make that happen, okay? So trust—trust him at his word, let it try to happen and we'll see where we go from here, all right?

The hearing was scheduled for November 16, 2007. By then the child had been living with plaintiff in Canada for over a year. Before the hearing, the trial court expressed its dissatisfaction with plaintiff's move to Canada, largely because of its experience with another, unidentified case. It took under advisement plaintiff's request that the trial court only address parenting time and the move to Canada. The trial court then proceeded to conduct a full evidentiary hearing on the issue whether an established custodial environment existed, and, after applying the best interest factors of the Child Custody Act, MCL 722.21 *et seq.*, whether the

---

[2] Defendant was not paying child support, and no order had been entered requiring him to do so.

custody provisions of the judgment of divorce should be modified. The trial court did not determine whether plaintiff had met the threshold for changing custody or whether any established custodial environment existed.[3]

At the evidentiary hearing, defendant explained that his parenting time had decreased and that he wanted to return to his previous parenting time schedule. He alleged that plaintiff had frequently denied his parenting time, claiming illness or vacation. Defendant asserted that he "enjoyed parenting time with the minor child consistently every other weekend and every Tuesday and Thursday or, alternately, two other week nights on an overnight basis each week, to the extent that the minor child ended up spending nearly half of her time in defendant's care." Defendant believed that plaintiff would relocate to Florida, but because he traveled regularly to Florida, he could still maintain a relationship with his child if she moved. Defendant argued that the parties should be awarded joint legal custody of their child, that the child should not be removed from the state of Michigan without the trial court's approval or the parties' agreement, that the parties be prohibited from moving the child more than 100 miles, and that defendant should be awarded parenting time of alternate weekends, two overnight stays a week, alternate holidays, and a "school schedule" under which defendant would have more parenting time during the summer, spring break, and Christmas.

Plaintiff responded that defendant never exercised regular parenting time and that he frequently went

---

[3] A party seeking a change in the custody of a child is required, as a threshold matter, to first demonstrate to the trial court either proper cause or a change in circumstances. *Killingbeck v Killingbeck*, 269 Mich App 132, 146; 711 NW2d 759 (2005).

several weeks without contacting their child. Plaintiff claimed that "defendant was enjoying his new found bachelorhood and rarely ever inquired as to parenting time with the child." Plaintiff asserted that she had to initiate contact between defendant and the child. Further, plaintiff claimed that defendant knew that she and the child moved to Canada in October 2006. Plaintiff informed defendant that she planned to enroll in a Toronto university and to work for her father's business in Canada. Plaintiff resides only six hours from Kalamazoo.

After the hearing, the trial court concluded that the provisions in the judgment of divorce that waived a parent's rights to a hearing on the child's removal from Michigan and waived the 100-mile rule were unenforceable. The trial court again expressed concern over plaintiff's move to Canada because it believed that defendant's ability to exercise parenting time would inappropriately be contingent on plaintiff's cooperation. Further, the trial court found that a de facto joint legal custodial environment existed; thus, "the provisions of MCL 722.31 Section 11(4) must be adhered to." Finally, the trial court opined that "clear and convincing evidence has been shown that a change in legal custody and specific parenting time is in the best interests of the minor child." The trial court ordered:

(a) The minor child be returned to Kalamazoo County, Michigan within the next 30 days.

(b) The plaintiff and defendant are awarded joint legal custody.

(c) That the father resume parenting time on alternate weekends from Friday at 5 p.m. until Sunday at 6 p.m. and Tuesday and Thursdays from 3:30 p.m. until 7:00 p.m.; the parties alternate all major holidays, excluding New Year's, and including Halloween; Memorial Day, and Labor Day, shall be long holiday weekends. The parties will alternate

spring break and split Christmas break. Each party shall have two uninterrupted weeks during summer break; the child shall be with plaintiff the first week after school ends and the Thursday preceding the commencement of school. The parties must notify one another, in writing, by April 15, of what two weeks they intend to take for the summer. The balance of the summer vacation shall be on a weekly rotation. The child's birthday shall be alternated, and the child shall always be with mother on Mother's Day and the father on Father's Day.

Plaintiff appeals by right.

## II. STANDARDS OF REVIEW

Pursuant to MCL 722.28, "[t]his Court must affirm all custody orders unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless they clearly preponderate in the opposite direction. *Rittershaus v Rittershaus*, 273 Mich App 462, 473; 730 NW2d 262 (2007). In a child custody context, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger*, *supra* at 705. Clear legal error occurs "[w]hen a court incorrectly chooses, interprets, or applies the law." *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994). Additionally, we review de novo a trial court's resolution of issues of law, including the interpretation of statutes and court rules. *Hill v L F Transportation, Inc*, 277 Mich App 500, 507; 746 NW2d 118 (2008).

This matter also requires us to interpret a statute and a court rule. In interpreting a statute or court rule, we accord every word or phrase of a statute or court rule its plain and ordinary meaning. *Spires v Bergman*, 276 Mich App 432, 439; 741 NW2d 523 (2007).

### III. MOVING MORE THAN 100 MILES

On appeal, plaintiff first argues that the trial court clearly erred when it failed to honor the language of the judgment of divorce, which awarded plaintiff sole legal custody of the child and also contained a domicile clause, and when it ordered the child be returned to Michigan. While we disagree that the pertinent provisions of the judgment of divorce were enforceable, we agree that the trial court erred in ordering the child be returned to Michigan.

### A. APPROVAL OF COURT

MCL 722.31(1) provides in relevant part that "[a] parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued." But MCL 722.31(2) provides:

A parent's change of a child's legal residence is not restricted by subsection (1) if the other parent consents to, or if the court, after complying with subsection (4),[4]

---

[4] MCL 722.31(4) provides several criteria to be considered when a court contemplates a change of domicile of over 100 miles, including whether the residence change will improve the quality of life for the child and the relocating parent, the degree to which each parent has complied with or utilized ordered parenting time and whether the motivation for the move is to defeat or frustrate the other parent's parenting time, whether parenting time for the other parent can be modified to preserve and

permits, the residence change. *This section does not apply if the order governing the child's custody grants sole legal custody to 1 of the child's parents.* [Emphasis added.]

Thus, the plain unambiguous language of the statute provides that a parent with sole legal custody is not restricted in the same manner as a parent with joint legal custody. Parents with joint legal custody must obtain consent from the other parent, or permission from the trial court after a review of certain factors, before moving a child more than 100 miles. Neither consent nor consideration of the factors is necessary when a parent has sole legal custody. *Spires, supra* at 437-438.

MCR 3.211(C) provides, however:

A judgment or order awarding custody of a minor must provide that

(1) the domicile or residence of the minor may not be moved from Michigan without the approval of the judge who awarded custody or the judge's successor,

(2) the person awarded custody must promptly notify the friend of the court in writing when the minor is moved to another address, and

(3) a parent whose custody or parenting time of a child is governed by the order shall not change the legal residence of the child except in compliance with section 11 of the Child Custody Act, MCL 722.31.

At first glance, it would appear that the provisions of MCL 722.31 and MCR 3.211(C) conflict. They do not. Simply stated, when a parent with sole legal custody desires to relocate, he or she must first obtain the trial

---

foster the relationship between the child and both parents, whether the parents are likely to comply with any modifications, whether the requested change is motivated by a desire to secure a financial advantage with respect to support obligations, and any instances of domestic violence.

court's approval, but the factors set forth in *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976), and codified in MCL 722.31(4) do not apply to the request. Accordingly, pursuant to the court rule, plaintiff was required to obtain court approval of her potential move with the parties' child to Canada. We note, however, that the trial court tacitly approved the move on July 9, 2007, when it denied defendant's ex parte request for relief, concluding that defendant had failed to demonstrate specific facts indicating that irreparable injury, loss, or damage would result, and then ordering defendant specific parenting time.

### B. JUDGMENT OF DIVORCE WAIVER

Plaintiff argues that the parties waived the approval requirement, so no approval was necessary. Plaintiff claims the issue is one of contract law. But contract law does not govern child custody matters. *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000). More importantly, courts must enforce agreements as written "absent some highly unusual circumstance, such as a contract in violation of law or public policy." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003). Here, the attempt to contract away the court's responsibility violated a controlling court rule; consequently, it cannot be enforced. *Id.*

The provision permitting plaintiff to move without prior court approval clearly contravenes MCR 3.211(C)(1). The plain meaning of "MCR 3.211(C)(1) mandates that custody orders contain language requiring the court to approve a proposed interstate move." *Spires, supra* at 439. The provision was not enforceable and should be stricken. The trial court erred in approving it when it entered the judgment of divorce. Even as

the child's sole legal custodian, plaintiff was required to obtain the court's approval for the proposed change of residence.

With respect to the provision indicating that because plaintiff had sole custody, the prohibition against moving the minor child did not apply, we agree that the provision is a correct statement of the law and was properly included in the judgment of divorce. MCL 722.31; *Spires, supra* at 437 ("[W]hen the parent seeking the change of domicile has sole legal custody of the child, MCL 722.31 does not apply."). And the wording of this provision, unlike that in *Delamielleure v Belote*, 267 Mich App 337, 338; 704 NW2d 746 (2005), does not constitute an express waiver of MCL 722.31; consequently, the provision has no legal effect in this case.

We reject plaintiff's argument that if defendant wanted the waiver provisions removed from the judgment of divorce, he should have moved to set aside or amend the divorce judgment pursuant to MCR 2.611 or MCR 2.612, and that even if defendant had so moved, the motions would have been untimely. We need not review this unpreserved claim of error because plaintiff failed to include the issue in her statement of questions presented. MCR 7.212(C)(5); *McGoldrick v Holiday Amusements, Inc*, 242 Mich App 286, 298; 618 NW2d 98 (2000). Nevertheless, another panel of this Court has previously rejected a similar argument and deemed harmless any error that may have occurred. See *Delamielleure, supra* at 344. More importantly, "insertion of language mandated by court rule constitutes a correction of an error arising from oversight, which may be corrected at any time, including on the court's own initiative under MCR 2.612(C)(1)." *Id.* In the instant case, the challenged provisions were ineffective because the judgment of divorce was required to contain the language of MCR 3.211(C)(1).

C. THE TRIAL COURT'S APPLICATION OF MCL 722.31

Plaintiff argues that the trial court erroneously applied MCL 722.31 to the instant case. We agree. The trial court should have addressed separately the questions whether plaintiff, as sole legal custodian, could move the child to Canada and whether defendant was entitled to a modification of his parenting time or the custody order. *Pierron v Pierron*, 282 Mich App 222; 765 NW2d 345 (2009). The trial court blurred these issues. Moreover, in its opinion and order, the trial court erroneously concluded that the Michigan Legislature intended the 100-mile rule of MCL 722.31 to apply only to moves within the state and that MCR 3.211(C) explicitly applied to moves out of state. It further concluded that all the factors listed in MCL 722.31(4) must still be considered for moves outside Michigan regardless of which party has legal custody.[5] As previously discussed, the rules of statutory interpretation apply to both court rules and statutes. The court rule and the statute that apply in this case can be read harmoniously, and their plain language cannot be interpreted as distinguishing between interstate and intrastate moves. Any other conclusion violates the rules of statutory construction. Also, the factors listed in MCL 722.31(4) simply do not apply when one party, here plaintiff, has sole legal custody. MCL 722.31(2); *Spires, supra* at 437. The applicability of the provisions does not hinge on the

---

[5] Apparently recognizing that a strict application of MCL 722.31 would preclude it from considering the factors for a change of domicile as set out in MCL 722.31(4), the trial court proceeded to find that the parties actually had de facto legal custody. Thus, the factors nevertheless had to be considered for that reason, and the trial court had to grant plaintiff permission before she could move the minor child. The trial court's rulings in regard to this issue were without legal basis and constitute error.

location of the proposed move. In order to interpret the statute and the court rule as the trial court did, i.e., ruling that the 100-mile rule of MCL 722.31 is inapplicable to moves outside Michigan and applying the change of domicile factors to all moves outside Michigan, this Court would have to "read" provisions and meanings into the statute and the court rule that are not explicitly or patently so worded. We cannot do that. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

It was undisputed that the trial court did not grant the parties joint legal custody until its December 17, 2007, opinion and order. If the trial court had done so earlier, it would have been required to comply with MCL 722.31 and to consider the MCL 722.31(4) factors in deciding whether to grant or deny a motion to change domicile. *Spires, supra* at 444 n 3. Conversely, because there was no joint legal custody at the time of the proceedings, the trial court erred by considering the factors. The trial court clearly erred in its application of MCL 722.31 to the instant case. *Fletcher, supra* at 881.

### D. PLAINTIFF'S MOVE TO CANADA

While the provisions in the judgment of divorce were unenforceable, we cannot fault the plaintiff for not initially seeking the trial court's approval of her move to Canada. It is well settled that a court only speaks through written judgments and orders. *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977); *Stackhouse v Stackhouse*, 193 Mich App 437, 439; 484 NW2d 723 (1992). While the trial court itself erred by including the two improper provisions in the judgment of divorce, plaintiff was entitled to rely on them until they were set aside. As we held in *Altman v Nelson*, 197 Mich App 467, 473; 495 NW2d 826 (1992), "errors or irregularities in the proceedings, however grave, al-

though they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, do not render the judgment void; until the judgment is set aside, it is valid and binding for all purposes." The trial court erred by faulting plaintiff for following provisions in a judgment of divorce that the trial court itself, although erroneously, had approved.

We also note that the trial court made significant errors regarding Canadian law simply because it believed that Canadian courts would not enforce its orders. In the event the issue arises on remand, we remind the trial court that Canada is a "state" for the purposes of the Uniform Child-Custody Jurisdiction and Enforcement Act, MCL 722.1101 *et seq.*, see *Atchison v Atchison*, 256 Mich App 531, 537; 664 NW2d 249 (2003), has been a signatory to the Hague Convention since 1988, and has adopted specific and far-reaching legislation protecting the rights of noncustodial parents, including those who are not Canadian citizens. See generally *Overview and Assessment of Approaches to Access Enforcement*, Department of Justice, Canada, 2001-FCY-8E. Moreover, to the extent that the trial court was influenced by problems in a different, unidentified case, it erred. Parties to a custody dispute are entitled to individual consideration based on the law and facts applicable to their case, not on anecdotal experiences of the trial court.

IV. CHANGE OF CUSTODY

Finally, plaintiff contends on appeal that the trial court abused its discretion by changing the custody provisions in the judgment of divorce. We agree.

The goal of MCL 722.27 is to minimize unwarranted and disruptive changes of custody orders, except under the most compelling circumstances. *Foskett v Foskett,*

247 Mich App 1, 6; 634 NW2d 363 (2001). A trial court may modify a custody award only if the moving party first establishes proper cause or a change in circumstances. MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). Accordingly, a party seeking a change in child custody is required, as a threshold matter, to first demonstrate to the trial court either proper cause or a change in circumstances. *Killingbeck v Killingbeck*, 269 Mich App 132, 146; 711 NW2d 759 (2005). If a party fails to do so, the trial court may not hold a child custody hearing.[6]

This Court has explained the meaning of "proper cause" and "change of circumstances":

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.

> \* \* \*

> [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's

---

[6] Alternatively, if the moving party succeeds in making this threshold showing, the court must then determine if the child has an established custodial environment with one parent or both. Once the court makes a factual determination regarding the existence of an established custodial environment, which determines the burden of proof to be applied, the court must weigh the statutory best interest factors of MCL 722.23 and make a factual finding regarding each factor in the context of a child custody hearing. *Schlender v Schlender*, 235 Mich App 230, 233; 596 NW2d 643 (1999).

well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. This too will be a determination made on the basis of the facts of each case, with the relevance of the facts presented being gauged by the statutory best interest factors. [*Vodvarka, supra* at 512-514 (emphasis in original).]

Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, and while the court need not conduct an evidentiary hearing on the topic, *id.* at 512, it *must first* address this threshold question. Again, in making this determination, a trial court must determine if the moving party has shown "that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id.* at 513.

After reviewing the record, we believe that defendant failed to demonstrate a change of circumstances sufficient to warrant an evidentiary hearing.[7] While a change in

---

[7] The trial court never made any determination regarding whether an established custodial environment existed with either party or both parties. "Whether an established custodial environment exists is a question of fact that the trial court must address before it makes a determination regarding the child's best interests." *Mogle v Scriver*, 241 Mich App 192, 197; 614 NW2d 696 (2000). An established custodial environment exists if "over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort," MCL 722.27(1)(c), and "the relationship between the custodian and the child is marked by qualities of security, stability, and permanence," *Baker v Baker*, 411 Mich 567, 579-580; 309 NW2d 532 (1981). When a trial court fails to make a finding

residence can change a custodial environment, here, the trial court never made the determination that the custodial environment had, in fact, been altered. Not all geographic moves alter a child's established custodial environment. *Brown v Loveman*, 260 Mich App 576, 590; 680 NW2d 432 (2004) ("[I]t is possible to have a domicile change that is more than one hundred miles away from the original residence without having a change in the established custodial environment."); *DeGrow v DeGrow*, 112 Mich App 260, 267; 315 NW2d 915 (1982) ("The custodial environment was not disturbed by the move from Michigan to Ohio."); *Pierron, supra* at 250 (move would not be a substantial barrier to father's continued parenting time). Again, as stated in *Vodvarka, supra* at 513-514, "not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child."

At the time of the evidentiary hearing, the child had been living with plaintiff in Canada for over a year. Defendant produced no evidence of any kind that this

_____

regarding the existence of a custodial environment, this Court will generally remand for such a finding unless sufficient information exists in the record for this Court to make a de novo determination of this issue. See *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000). Although the trial court never made this determination, sufficient evidence exists in the record to establish that the child had an established custodial environment with plaintiff. Plaintiff had been awarded sole legal and physical custody of the child in the judgment of divorce; the child had always lived with plaintiff and had naturally looked to plaintiff for guidance, discipline, the necessities of life, and parental comfort. *Mogle, supra* at 197. There is no need to remand for a finding in this regard. *Jack, supra.*

change of residence had any effect on her, let alone a negative effect. There was no attempt to establish, and the trial court did not demand, the requisite showing that the residence change had a *"significant* effect on the child's well-being." *Vodvarka, supra* at 513 (emphasis in original). According to defendant's testimony, he was not even aware of the move for approximately six months and still exercised parenting time, although not with the same regularity that he claimed he previously enjoyed. The evidence also established that defendant continued to have a close relationship with his daughter, visited her, and wanted specific parenting time. He was also able to cooperate with plaintiff on issues of child care, e.g., tonsil surgery. With the exception of the move to Canada, plaintiff did not exclude defendant from participating in important decisions affecting the child. In fact, that change of residence was specifically, although wrongfully, permitted by the judgment of divorce. But the remedy for this statutory violation is not a change in custody. At most, defendant's sole complaint was that he did not have specified parenting time, which the trial court could have addressed at any time upon a properly filed petition. The issue involving defendant's parenting time was insufficient to show that it had "a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id.* at 511.

In short, we can find no sufficient change in circumstances that would have permitted the trial court to revisit the original custody order. Instead, now, because of the trial court's errors, the child has been uprooted from what no one disputes was a stable environment in Canada with her mother and stepfather. Defendant's concerns could have been and were allayed with a specific parenting time schedule, *Pierron, supra*. In fact, we would note that after the trial court finally entered

one, there were no disputes over the schedule. The unwarranted and significant changes in the child's custodial environment were not caused by the parties, but rather inadvertently by the trial court despite its implicit approval of the move when denying defendant's ex parte motion for the child's return. The trial court erred by failing to determine whether defendant met the threshold requirement, failed by determining the established custodial environment and whether it had been significantly altered, and erred in its ultimate decision to change the original custodial order.

Accordingly, we reverse the modified custody order and remand for further proceedings. We recognize that during the pendency of this appeal, plaintiff has returned to Michigan, and she and the child may still reside with plaintiff's parents in Portage. Moreover, the child's established custodial environment may have changed, so any further proceedings must consider these court-ordered changes. But, on remand, we urge the trial court to carefully apply the law to prevent any further unwarranted and disruptive changes unless the most compelling circumstances have first been established. *Foskett, supra* at 6.

We reverse and remand for further proceedings. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.