# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW LACOURSE,

        Plaintiff-Appellee,

v

MICHELLE LACOURSE,

        Defendant-Appellant.

UNPUBLISHED
August 20, 2015

No. 322517
Wayne Circuit Court
Family Division
LC No. 13-106179-DM

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

In this divorce action, defendant Michelle LaCourse appeals the trial court's grant of: (1) joint physical custody of the children; and (2) mid-week parenting time to plaintiff Matthew LaCourse. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Matthew and Michelle LaCourse married in 2000, and had two children over the course of their marriage. The family lived in a house in Grosse Ile, and Matthew worked as a platform manager at the Lear Corporation. Michelle, who holds a degree from Michigan State in merchandising management, left her job as an insurance adjuster at AAA to become a homemaker upon the birth of her first child in 2005. In 2013, Matthew and Michelle's marriage broke down, and Matthew filed for divorce in May of that year.

The parties stipulated to joint legal custody of their children, but asked the trial court to issue a holding regarding physical custody. Before the divorce trial, the court referred Michelle and Matthew to the Family Assessment Mediation and Education Department ("FAME") to reach an appropriate agreement as to the children's primary residence and a parenting-time schedule. FAME's report recommended joint legal and physical custody of the children, with the former marital home—now Michelle's home—as the primary residence. The report also included a parenting-time schedule, which allowed the children to see Matthew on alternate weekends, and from Wednesday evening to Thursday morning.

Neither Matthew nor Michelle was satisfied with FAME's recommendations, and moved for amendments to the proposed parenting-time schedule. Matthew asked the court to grant him two additional overnight stays for the children per week, while Michelle requested that

-1-

Matthew's Wednesday to Thursday parenting-time be eliminated. Michelle claimed that Matthew evinced little interest in preparing the children for school or helping them with their schoolwork, and expressed concern that, because of Matthew's work schedule, the children would be left with Matthew's sister or his girlfriend during any midweek parenting time allotted to him.

The trial court heard extensive testimony on Matthew and Michelle's relationship with the children from many witnesses, including friends and family members of both Matthew and Michelle, and Matthew and Michelle themselves. Witnesses that were close to Michelle stated that Matthew was largely absent from his children's life, while witnesses that were close to Matthew denied these allegations, and stated that Michelle attempted to create division between the children and Matthew and his new girlfriend. Matthew also disagreed with Michelle's contentions that he was an absentee parent, and stressed that he would be able to care for the girls.

In May 2014, the trial court issued a thorough, written opinion and order, in which it noted that Michelle and Matthew continued to live in the same neighborhood,[1] and that the children "have continued to have regular parenting time with [Matthew], even though they reside primarily with [Michelle.]" After analyzing the best interests of the children pursuant to MCL 722.23, the court found that each of the statutory factors favored both Matthew and Michelle equally, and held that it was in the children's best interest to maintain the current custodial environment—i.e., one in which both Matthew and Michele had joint legal and physical custody, with the children's primary residence at Michelle's home.

In its consideration of the parties' request for changes to the parenting time schedule, the trial court noted that Michelle's claims that Matthew was incapable of providing proper care for the children during the week were not credible, and emphasized that it heard "no evidence . . . that either party was incapable of providing the children with adequate care." The court further stressed that neither party had shown "any specific reasons why weekday overnights would be disruptive for [the] children."[2] It accordingly granted Matthew parenting time on alternate weekends, and from Tuesday evenings to Thursday mornings, and gave each parent three non-consecutive weeks of parenting time during the summer months.

On appeal, Michelle argues that the trial court abused its discretion when it: (1) ordered joint physical custody of the children, because the best interest factors under MCL 722.23 clearly favor her; and (2) permitted Matthew to have parenting time from Tuesday evening to Thursday morning. Matthew asks us to uphold the ruling of the trial court.

---

[1] Matthew and Michelle live in Grosse Ile in homes that are approximately one mile from one another.

[2] The court also noted that granting Matthew a midweek parenting-time block would not be disruptive to the children's routine, in part because Matthew and Michelle lived so close to one another.

## II. STANDARD OF REVIEW

A custody order and an order regarding parenting time[3] must be affirmed "unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008).

A finding is against the great weight of the evidence only when the facts "clearly preponderate in the opposite direction." *Brausch v Brausch*, 283 Mich App 339, 347; 770 NW2d 77 (2009). In a child custody proceeding, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger*, 277 Mich App at 705. A clear legal error occurs when the trial court "errs in its choice, interpretation, or application of the existing law." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010).

## III. ANALYSIS

### A. DETERMINATION OF PHYSICAL CUSTODY

When it makes a custody determination, the trial court generally must explicitly consider the best interests of the children as provided in MCL 722.23.[4] *Rittershaus v Rittershaus*, 273

---

[3] *Borowsky v Borowsky*, 273 Mich App 666, 688; 733 NW2d 71 (2007).

[4] MCL 722.23 states:

> As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:
>
> (a) The love, affection, and other emotional ties existing between the parties involved and the child.
>
> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.
>
> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
>
> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
>
> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
>
> (f) The moral fitness of the parties involved.

Mich App 462, 471; 730 NW2d 262 (2007). "[T]rial courts are in a superior position to make accurate decisions concerning the custody arrangement that will be in a child's best interests." *Fletcher v Fletcher*, 447 Mich 871, 889-890; 526 NW2d 889 (1994). Courts should avoid rote application of the "best interest factors," and instead look to the facts and circumstances of each case. *McCain v McCain*, 229 Mich App 123, 131; 580 NW2d 485 (1998).

Here, Michelle says that the trial court's determination of her children's best interests contravenes the great weight of the evidence as to almost every factor listed in MCL 722.23. Many of her arguments are mere statements and are not supported by record citations or relevant legal argument. See *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (a party "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority").

Moreover, her contentions are unavailing because Michelle does not actually demonstrate that the trial court's determinations were in any way unsupported by the evidence it heard at trial. Instead, Michelle merely repeats the arguments she made at trial and claims that the court erred in failing to use these arguments to rule in her favor. Of course, the trial court heard these arguments—and it also heard countervailing arguments from Matthew that tended to undermine Michelle's assertions. The trial court sensibly weighed this evidence and reached an appropriate determination that was supported by the evidence. The fact that Michelle is unhappy with the trial court's ruling or believes it to be wrong is not a valid reason to disturb the holding. *Brausch*, 283 Mich App at 347. Accordingly, we affirm the trial court's grant of joint physical custody over the children.

## B. PARENTING TIME

MCL 722.27a governs parenting time decisions, and provides, in pertinent part:

---

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(l) Any other factor considered by the court to be relevant to a particular child custody dispute.

-4-

Parenting time shall be granted in accordance with the best interests of the child. It is *presumed* to be in the best interests of a child for the child to have a *strong relationship with both* of his or her *parents*. Except as otherwise provided in this section, parenting time shall be granted to a parent in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time. [MCL 722.27a(1) (emphasis added).]

"Both the statutory best interest factors in the Child Custody Act, MCL 722.23, and the factors listed in the parenting time statute, MCL 722.27a(6), are relevant to parenting time decisions. Custody decisions require findings under all of the best interest factors, but parenting time decisions may be made with findings on only the contested issues." *Shade*, 291 Mich App at 31–32.

Here, as noted, during pendency of the divorce action, the trial court, in conjunction with FAME's recommendation, issued a temporary order that granted Matthew parenting time on alternate weekends and every Wednesday evening.[5] At trial, Michelle challenged Matthew's request for overnight parenting time during the week, because, among other things, she claimed that: (1) it would be disruptive for the children[6]; and (2) Matthew's work schedule would prevent him from actually caring for the children during the week, and his sister or girlfriend would exercise any allotted parenting time instead.[7]

The trial court found these assertions unconvincing, because: (1) "there was no evidence before the Court that either party was incapable of providing the children with adequate care"; and (2) it had heard no "specific reasons why weekday overnights would be disruptive for these children," particularly in light of the fact that "the parties live very near to one another." It accordingly awarded Matthew midweek parenting time from Tuesday evening to Thursday morning, in addition to time on alternate weekends.

Michelle has failed to show that the trial court in any way abused its discretion or erred in making this decision. The trial court heard evidence as to Matthew's ability to care for the children, and clearly did not credit Michelle's assertions as to Matthew's inability to do so, or potential to "disrupt" the children's living arrangements. It apparently credited this evidence in making its parenting-time decision, which is a proper division of parenting duties among two parents who clearly have strong relationships with their children. Again, the fact that Michelle is

---

[5] Because Matthew's requested change in the parenting time did not alter the established custodial environment, he was only required to show that a change in the parenting time was in the best interest of the children by a preponderance of the evidence. See *Rains v Rains*, 301 Mich App 313, 340; 836 NW2d 709 (2013).

[6] Specifically, Michelle said that Matthew did not know how to prepare the children for school, pack their lunches, or put them to bed.

[7] Matthew did not testify as to his work schedule, but the record contained information that his work hours were from 7:00 AM to 6 PM or 6:30 PM.

unhappy with the trial court's decision does nothing to demonstrate that the trial court abused its discretion in reaching this decision.

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola