# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER SUZANNE ADKINS,

Plaintiff-Appellant,

v

DAVID LEE PIECHAN,

Defendant-Appellee.

UNPUBLISHED
February 20, 2018

No. 337745
Presque Isle Circuit Court
Family Division
LC No. 15-084025-DS

AFTER REMAND

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

We remanded this case to the trial court for a best-interest determination concerning plaintiff's request to change the existing custody order so as to grant her "sole" physical and legal custody of the parties' two minor children.[1] On remand, the trial court conducted a two-day evidentiary hearing and thereafter issued an order in part granting plaintiff "primary" physical and legal custody. Plaintiff thereafter filed a supplemental brief in this Court raising additional issues.

Except as set forth in this opinion, we affirm the trial court's post-remand order. But given the trial court's determination to change the previously-existing joint legal custody arrangement (which we affirm), we remand for the ministerial correction of the order to insert the word "sole" before the term "legal custody," in order to avoid potential future ambiguity. See *Shulik v Richards*, 273 Mich App 320, 328; 729 NW2d 533 (2006). We also vacate the portion of the trial court's order forbidding plaintiff from moving more than 100 miles from the children's current legal residence at the time of the initial custody order, because this portion of the order in effect restricts plaintiff, with regard to moving the children's domicile, as though she

---

[1] See *Adkins v Piechan*, unpublished opinion per curiam of the Court of Appeals, issued November 21, 2017 (Docket No. 337745), and *Adkins v Piechan*, unpublished order of the Court of Appeals, issued November 21, 2017 (Docket No. 337745).

possessed joint legal custody of the children rather than sole legal custody. See MCL 722.31(1), (2), see also *Brausch v Brausch*, 283 Mich App 339, 349; 770 NW2d 77 (2009). With regard to plaintiff's remaining claims of error, they are either moot or unripe, and we decline to address them in the first instance. See *City of Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008).

Vacated in part and remanded for ministerial correction of order. Affirmed in all other respects. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra