*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATELIN ASHLEY AMBROSO,

      Plaintiff-Appellee,

UNPUBLISHED
June 9, 2022

v

No. 358810
Kalamazoo Circuit Court
LC No. 2015-005945-DS

NICHOLAS AUSTIN BAILEY ARANDA,

      Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and M.J. KELLY and YATES, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's custody and child-support order. Defendant argues that the trial court erred when it found that there was an established custodial environment with both plaintiff and defendant, erred by finding that it was in the child's best interest for the parties to have joint custody, and erred in its calculation of child support. We disagree and affirm.

## I. FACTUAL BACKGROUND

The parties share a child, TA. After the trial court entered a custody order in April 2019, defendant moved to modify custody in June 2019 and again in April 2020. In his first motion, defendant sought to modify custody alleging that plaintiff had engaged in domestic violence with her then-boyfriend. Defendant's second motion discussed a child protective proceeding in which TA was removed from plaintiff's care following allegations that TA was sexually abused while in plaintiff's custody.

According to the petition in the child protective proceeding, TA had been sexually abused twice by the same individual over the course of a few years. Following her removal from plaintiff's care, TA was placed with defendant and remained in defendant's custody for the next 10 months while the child protective proceeding unfolded. During that time, plaintiff made progress toward alleviating or mitigating the condition that led to TA's removal. In April 2021, the child protective proceeding was closed after the Department of Health and Human Services (DHHS) determined that the risk of further abuse of TA had been significantly reduced.

The trial court held three hearings regarding defendant's motions to modify custody. A medical professional and a DHHS caseworker each testified that TA had been sexually abused. The caseworker testified that the most recent sexual abuse occurred after DHHS told plaintiff to avoid contact between TA and the perpetrator. For her part, plaintiff testified that she no longer had contact with the perpetrator. Defendant did not provide testimony or evidence regarding his allegations that plaintiff had been involved in domestic violence. Plaintiff denied the accusations. Defendant testified that he did not receive child support during the 10 months TA was in his custody. Defendant requested that the child-support order be modified to reflect this circumstance, essentially arguing he was owed child support for those months.

Following the hearings, a referee issued written recommendations. The referee determined that proper cause and a change of circumstances existed to reconsider custody. Although TA had lived with defendant throughout the child protective proceeding, the referee determined that an established custodial environment existed with both plaintiff and defendant. After making findings regarding each of the 12 best-interest factors under MCL 722.23, the referee determined that it was in TA's best interest for the parties to share joint physical and legal custody. Addressing child support, the referee instructed the Friend of the Court to calculate child support on the basis of each party having 182.5 overnights.

Defendant objected to the referee's recommendations. Defendant argued that the referee erred when she found that there was an established custodial environment with both parents. Defendant also objected to best-interest factors (b), (c), (f), (g), (h), and (j). And defendant objected to the child-support recommendation because defendant had custody of TA since February 2020 without receiving any financial support. At a hearing on defendant's objections, the trial court announced its agreement with the referee's decision and adopted the recommendation. Defendant now appeals.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In child-custody matters, " 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pennington v Pennington*, 329 Mich App 562, 569-570; 944 NW2d 131 (2019), quoting MCL 722.28. This Court defers to the trial court's factual findings, including the existence of proper cause or a change of circumstances, unless the evidence "clearly preponderates in the opposite direction." *Id*. at 570. Discretionary rulings such as a trial court's decision to change custody are reviewed for an abuse of discretion. *Lieberman v Orr*, 319 Mich App 68, 77; 900 NW2d 130 (2017). "[A]n abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Yachcik v Yachcik*, 319 Mich App 24, 31; 900 NW2d 113 (2017) (quotation marks and citation omitted).

### B. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

On appeal, defendant ostensibly presents four claims of error. First, defendant argues that proper cause and a change of circumstances existed to modify custody. It is unclear why defendant

advances this claim of error. The referee found, and the trial court agreed, that there was proper cause and a change of circumstances sufficient to consider modifying custody. In other words, defendant agrees with this portion of the custody order. Accordingly, we decline to further address this issue.

## C. ESTABLISHED CUSTODIAL ENVIRONMENT

Next, defendant argues that the trial court's determination that there was an established custodial environment with both plaintiff and defendant was against the great weight of the evidence. We disagree. Whether an established custodial environment exists is a question of fact. *Mogle v Scriver*, 241 Mich App 192, 197; 614 NW2d 696 (2000). A trial court's findings regarding the existence of an established custodial environment are reviewed under the "great weight of the evidence" standard and must be affirmed unless the evidence clearly preponderates in the opposite direction. *Rains v Rains*, 301 Mich App 313, 325; 836 NW2d 709 (2013). This standard of review accords deference to the superior fact-finding ability of the trial court. *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008).

If the trial court determines that there is proper cause or a change of circumstances, the trial court must then determine if the change would alter the established custodial environment of the minor child. *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003). This requires the trial court to determine whether the child had an established custodial environment with either parent or both parents. See *Brausch v Brausch*, 283 Mich App 339, 356 n 7; 770 NW2d 77 (2009). A child has an established custodial environment "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). When determining whether an established custodial environment exists, the trial court should also consider the age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship. *Id*. An established custodial environment is one of significant duration in which the relationship between custodian and child is marked by qualities of security, stability, and permanence. *Mogle*, 241 Mich App at 197. An established custodial environment can exist in more than one home. *Id*. at 198.

In this case, the trial court found that from her birth in January 2015 until March 2020, TA lived primarily with plaintiff. The trial court also found that since March 2020, TA lived primarily with defendant. The trial court then determined by a preponderance of the evidence that there was an established custodial environment with both plaintiff and defendant.

It is undisputed that plaintiff had an established custodial environment with TA at some point in time, likely extending up to the point that TA was removed from plaintiff's custody in March 2020. Although it was established that TA spent much less time with plaintiff over the next 10 months, defendant presented minimal evidence to demonstrate that the established custodial environment between plaintiff and TA dissipated during that time. Accordingly, the trial court's determination that established custodial environments existed with both plaintiff and defendant was not against the great weight of the evidence. See *Rains*, 301 Mich App at 325.

## D. BEST-INTEREST FACTORS

Defendant also argues that the trial court abused its discretion when it determined that it was in TA's best interest for the parties to have joint physical and legal custody. Specifically, defendant contends that the trial court's determinations that MCL 722.23(c) and (k) did not favor either party were against the great weight of the evidence. Defendant also argues that it was against the great weight of the evidence for the trial court not to consider any other factors pursuant to MCL 722.23(*l*). A trial court's findings under MCL 722.23 should be affirmed unless the findings were against the great weight of the evidence, i.e., the evidence clearly preponderates in the opposite direction. *Berger*, 277 Mich App at 705. "[A] custody award should be affirmed unless it represents an abuse of discretion." *Fletcher v Fletcher*, 447 Mich 871, 880; 526 NW2d 889 (1994). To constitute an abuse of discretion, the custody award "must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Id*. at 879-880 (quotation marks and citation omitted).

Defendant failed to preserve his claims of error regarding factors (k) and (*l*). To preserve an issue for appeal, it must be raised before, addressed by, or decided by the trial court. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). In his objection to the referee's recommendations, defendant explicitly objected to best-interest factors (b), (c), (f), (g), (h), and (j). He did not object to factors (k) and (*l*). A failure to preserve an issue for appellate review in a civil case generally precludes appellate consideration of that claim. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Unpreserved claims on appeal may be reviewed if "the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). However, even when these conditions are presented, this Court has no obligation to review the claim of error. *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 345; 852 NW2d 180 (2014), vacated in part on other grounds 497 Mich 927 (2014). Indeed, this Court reviews unpreserved claims of error only in the most exceptional cases. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993). Defendant makes no argument that review of these unpreserved issues is warranted in this case. Therefore, only defendant's challenge to the trial court's determination regarding best-interest factor (c) remains.

The trial court's finding that factor (c) did not favor either party was not against the great weight of the evidence. Under MCL 722.23(c), a trial court must analyze "the capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs." The trial court found that this factor was in equipoise and did not favor one party over the other. The trial court noted that both parties were employed and that both parties had addressed TA's medical needs.

In his brief on appeal, defendant acknowledges that both parties are able to provide TA with food, clothing, medical care, and other remedial care. However, defendant argues that this factor favors him because plaintiff did not provide any financial assistance when TA was removed from plaintiff's custody and placed with defendant. Defendant has not identified any authority to

support his argument that this fact should weigh against plaintiff under this factor. And we note that there was no court order requiring plaintiff to make support payments during the relevant period. Moreover, the record supports the trial court's finding that both parties are able to provide proper food, clothing, and medical care. Plaintiff testified that she was employed full time and that TA received appropriate medical and dental care when in her custody. Defendant points us to no evidence that plaintiff could not provide TA with proper food, clothing, and medical care. Accordingly, the trial court's determination on this factor was not against the great weight of the evidence. See *Berger*, 277 Mich App at 705.

## E. CHILD SUPPORT

Finally, defendant argues that the trial court erred in its child-support determination by not considering the period from March 2020 until January 2021 when defendant had sole physical custody of TA but plaintiff did not provide any financial support. Defendant presents no authority supporting his argument that the trial court should have retroactively modified child support or even that it possessed the authority to do so. Therefore, defendant fails to demonstrate that the trial court abused its discretion in its child-support determination. See *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012) (explaining that modification of a child-support order is within the trial court's discretion).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates