HILL v L F TRANSPORTATION, INC

Docket No. 267959. Submitted October 11, 2007, at Grand Rapids. Decided January 15, 2008, at 9:00 a.m.

    Joyce R. Hill, as personal representative of the estate of Michael K. Hill, deceased, brought a wrongful death action in the Van Buren Circuit Court against Wall Street Systems, Incorporated, L. F. Transportation, Inc., Auto-Owners Insurance Company, Jan Komar, and others, following the decedent's death in a collision between a vehicle he was driving and a vehicle driven by Komar. Canal Insurance Company, L. F. Transportation's insurer, filed a separate action in the Van Buren Circuit Court to determine its obligations under its policy. The court, William C. Buhl, J., ruled that the Canal Insurance policy afforded coverage. The Court of Appeals, CAVANAGH, P.J., and HOEKSTRA and GAGE, JJ., affirmed, *Canal Ins Co v Hill*, unpublished opinion per curiam, issued September 3, 1999 (Docket No. 208953). Nevertheless, Canal Insurance continued to deny coverage. Hill then added a claim in the wrongful death action against Auto-Owners, the insurer of the vehicle the decedent was driving, seeking arbitration of an uninsured-motorist claim under that policy. The trial court, William C. Buhl, J., granted the plaintiff's motion to dismiss count I (the wrongful death allegations) of the complaint and ordered the case to arbitration. The arbitrators awarded the plaintiff $875,000. Auto-Owners appealed from the judgment entered on the award. The Court of Appeals, WHITBECK, C.J., and CAVANAGH and BANDSTRA, JJ., reversed the judgment and order of the trial court, holding that the plaintiff was barred by the doctrine of collateral estoppel from bringing the count regarding the uninsured-motorist claim against Auto-Owners. *Hill v Wall Street Systems, Inc*, unpublished opinion per curiam, issued May 27, 2003 (Docket No. 234455). Auto-Owners was awarded its costs and thereafter obtained a judgment against the decedent's estate for $85,885.11 in the Eaton County Probate Court. The probate court, Michael F. Skinner, J., ordered the plaintiff to pay Auto-Owners "from any available property of the Estate as that property becomes available to fund such payment." The plaintiff then filed the instant wrongful death action in the Van Buren Circuit Court against L. F. Transportation and Jan Komar, alleging that the decedent's death was caused by Komar's negligence. L. F. Transportation was dismissed as a party by stipulation. The trial court,

William C. Buhl, J., denied Auto-Owners' motion to intervene, but added Auto-Owners as an "interested party." The case was referred to arbitration and the plaintiff and Komar filed acceptances of the $465,000 case evaluation in favor of the plaintiff. Auto-Owners again moved to intervene for the purpose of recovering its prior judgment for costs. The trial court denied the motion to intervene and thereafter granted the plaintiff's motion to settle the wrongful death action and distribute the proceeds therefrom. The approved distribution did not include a distribution to Auto-Owners for the costs awarded by the Court of Appeals in the previous appeal. Auto-Owners appealed.

The Court of Appeals *held*:

1. The trial court erred in denying Auto-Owners' motion to intervene. Auto-Owners had a right to intervene under MCR 2.209(A)(3) because it claimed an interest relating to the property or transaction that was the subject of the action. Auto-Owners' claim was meritorious, and the trial court should have allowed it to recover the costs awarded in the prior appeal from the proceeds of the wrongful death action.

2. MCR 2.504(D) provides that a plaintiff who has dismissed an action in any court and who commences an action based on or including the same claim against the same defendant may be ordered to pay costs of the action previously dismissed and that the second action may be stayed until such payment. The court rule recognizes that a plaintiff may not avoid the payment of costs merely by dismissing an action and commencing a new action. The instant action involves the same essential claim as the prior action. Therefore, the plaintiff may not escape responsibility for paying the costs awarded in the prior action by commencing a new action instead of continuing the old action. The trial court erred in failing to allow Auto-Owners to recover its award of costs from the wrongful death award before the proceeds of that award were distributed.

Reversed and remanded for further proceedings.

COSTS — WRONGFUL DEATH ACTIONS — PROCEEDS.

The proceeds in a successful wrongful death action may be reduced by any costs assessed against the plaintiff in prior litigation involving the same wrongful death.

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas, Michael E. Larkin,* and *Steven A. Hicks*), for the plaintiff.

*Aardema, Whitelaw & Sears-Ewald, P.C.* (by *Robert B. Aardema*) (*Gross, Nemeth & Silverman, P.L.C.*, by *James G. Gross*, of counsel), and (*Lincoln G. Herweyer, P.C.*, by *Lincoln G. Herweyer*, of counsel), for Auto-Owners Insurance Company.

Before: HOEKSTRA, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM. In this wrongful death action, Auto-Owners Insurance Company appeals as of right the trial court's order that denied Auto-Owners' motion to intervene. On appeal, Auto-Owners argues that the trial court erred by denying its motion to intervene for purposes of collecting the costs awarded by this Court in a previous appeal. Further, Auto-Owners asserts that the trial court erred by approving a distribution of settlement funds that did not include a distribution to Auto-Owners for the costs awarded in that previous appeal. Finally, Auto-Owners contends that the trial court's order, which approved distribution of the settlement funds, violated MCL 700.3805. We reverse and remand.

This appeal arises out of an August 1994 automobile accident that has been the subject of two previous appeals in this Court. In *Canal Ins Co v Hill*, unpublished opinion per curiam of the Court of Appeals, issued September 3, 1999 (Docket No. 208953), pp 1-2, this Court provided the following recitation of the underlying facts:

> Decedent Michael Keene Hill died when his truck hit a tractor trailer driven by defendant Jan Komar. While driving a 1992 Kenworth tractor, Komar had hauled a truckload of cleaning compound and corrosive liquid from Chicago to California for defendant LFT [L. F. Transportation, Inc.]. Plaintiff provided LFT liability coverage for the Kenworth tractor. The Kenworth was owned by defen-

dant Andrzej Lassak, Komar's employer, and leased to LFT. After Komar delivered the materials, he drove the Kenworth back, carrying a shipment of produce bound for Toronto that Lassak had arranged for Komar to pick up. When Komar arrived in Chicago en route to Toronto, the Kenworth developed mechanical problems. To ensure that Komar could complete the trip to Toronto, Lassak arranged to lease or borrow a 1985 Mack tractor owned by defendant Zbigniew Szwajnos. Szwajnos had previously leased the 1985 Mack to defendant Wall Street Systems, Incorporated, d/b/a Trans-National ("Wall Street"). Komar eventually delivered the produce to Toronto driving the Mack and headed back toward Chicago with an empty trailer. The accident occurred in Van Buren County during Komar's return to Chicago.

Plaintiff Joyce Ruth Hill filed a wrongful death action against Wall Street, Szwajnos, Komar, L. F. Transportation, Lassak, and Auto-Owners Insurance. L. F. Transportation's insurance carrier (Canal Insurance Company) filed a separate declaratory judgment action to determine its obligations; the trial court concluded that the Canal Insurance policy afforded coverage. On appeal, this Court held that the insurance policy issued by Canal Insurance to L. F. Transportation provided liability coverage for the accident. *Canal Ins, supra*, p 1. Nevertheless, Canal Insurance continued to deny coverage. *Hill v Wall Street Systems, Inc*, unpublished opinion per curiam of the Court of Appeals, issued May 27, 2003 (Docket No. 234455), p 2.

Meanwhile, plaintiff "made a demand on [Auto-Owners], the insurer who had issued a no-fault insurance policy on the vehicle decedent was driving, that an uninsured motorist claim be arbitrated pursuant to the terms of that policy." *Id.* Auto-Owners did not respond to plaintiff's demand. *Id.* Plaintiff thereafter added Auto-Owners as a party to the March 13, 1998, complaint, "adding a claim for arbitration under the terms

of [Auto-Owners'] policy." *Id.* The trial court thereafter granted the plaintiff's motion to dismiss count I of the complaint (the wrongful death allegations). Auto-Owners filed a motion for summary disposition, arguing that there was no basis for plaintiff's seeking uninsured motorist benefits under the Auto-Owners' policy, because the trial court ruled in the declaratory judgment action that there was coverage under Canal Insurance's policy. *Id.* Plaintiff filed a cross-motion for summary disposition, asserting that Canal Insurance denied coverage and requesting that the trial court find that Komar was uninsured under the circumstances, which would allow the case to proceed to arbitration. *Id.* The trial court denied Auto-Owners' motion, granted plaintiff's motion, and ordered the case to arbitration. *Id.*, p 3. Ultimately, the arbitrators awarded plaintiff $875,000. *Id.* Auto-Owners appealed thereafter.

On appeal, this Court determined that the dispositive issue in that appeal related to the declaratory judgment action: "whether the tortfeasors named in [plaintiff's] original complaint were covered by liability insurance under the Canal policy." *Id.*, p 5. This Court noted that "[s]imply put, if the tortfeasors were insured, [plaintiff] was not entitled to uninsured motorist benefits; if the tortfeasors were not insured, [plaintiff] was entitled to uninsured motorist benefits." *Id.*, p 6. The Court noted that in the previous appeal involving Canal Insurance, we affirmed the trial court's judgment that the tortfeasors were insured. *Id.*

The Court concluded:

Accordingly, because the declaratory judgment was between the same parties, because this prior proceeding culminated in a valid final judgment, because the issue resolved in the declaratory judgment action was identical to that raised in count II of [plaintiff's] first amended complaint, and because this issue was actually and neces-

sarily determined in the declaratory judgment action, [plaintiff] was barred by the doctrine of collateral estoppel from bringing count II of her first amended complaint. Therefore, we conclude, Auto-Owners was entitled initially to summary judgment and is now entitled to a reversal of the judgment entered against it in April of 2000. Because the trial court erred in rejecting Auto-Owners' repeated attempts to bring this meritorious argument to the trial court's attention, we also reverse the trial court's June 22, 2000 and December 5, 2000 orders granting sanctions. [*Id.*]

Subsequently, Auto-Owners filed its bill of costs for $68,877.70, and the costs were taxed pursuant to MCR 7.219. It then obtained a judgment against the decedent's estate for $85,885.11 in the Eaton County Probate Court, and the probate court ordered plaintiff to pay Auto-Owners $85,885.11 plus interest "from any available property of the Estate as that property becomes available to fund such payment." *In re Hill*, unpublished opinion of the Eaton County Probate Court, issued November 23, 2004 (Docket No. 95-32370-DE), p 2.

Plaintiff thereafter filed the instant wrongful death action against L. F. Transportation and Komar, alleging that the decedent's death was caused by Komar's negligence.[1] Plaintiff sought damages for medical, hospital, funeral, and burial expenses, for the decedent's pain and suffering for the intervening time between the collision and his subsequent death, and for losses suffered by the decedent's survivors. Auto-Owners moved to intervene, seeking to recover the taxed costs from any judgment obtained by plaintiff. The trial court denied the motion, but added Auto-Owners as an "interested party."

---

[1] The parties later stipulated that L. F. Transportation would be dismissed from the instant case.

The instant case was referred to case evaluation, which resulted in an evaluation in favor of plaintiff in the amount of $465,000. Plaintiff and Komar filed an acceptance of the case evaluation. Subsequently, Auto-Owners moved to intervene for the purposes of recovering its prior judgment for costs. Thereafter, plaintiff moved to settle the wrongful death action and to distribute the proceeds therefrom. (The settlement did not allocate any proceeds for the decedent's pain and suffering, indicating that death was instantaneous.) The trial court denied Auto-Owners' motion for intervention. The trial court ruled:

> I think clearly on a technical view of this Plaintiff is correct that this case is a case in which Auto-Owners since the inception of this case has not been a party, [and] was denied intervention earlier. The Probate case and order clearly states that the judgment in the Probate Court of $85,885.11 is to be paid from any funds available to the Estate and these are not funds of the Estate. There was no conscious pain and suffering and I think Auto-Owners is arguing that this really is the same litigation because it involves the same occurrence and it is somewhat distinguishable from [*In re McDivitt Estate*, 169 Mich App 435; 425 NW2d 575 (1988)] and of course I think *Mason* [v *Cass Co Bd of Co Rd Comm'rs*, 221 Mich App 1; 561 NW2d 402 (1997)] and *Colbert* [v *Primary Care Medical, PC*, 226 Mich App 99; 574 NW2d 36 (1997)] are distinguishable from this situation as well.
>
> I'm going to make a ruling to deny intervention based on the arguments set forth by the Plaintiff that the Probate Order is written in such a way that it indicates that judgment should be satisfied out of Estate proceeds and there are none and even though when we look back at the original litigation, we could conceivably claim that this is a continuation of it in a different form and format and that Auto-Owners should have been allowed to intervene, that nevertheless it is a separate litigation and they don't relate to this lawsuit that was commenced in the last couple of

years so I will concede [that there are] arguments that are convincing in both directions. I believe that that would be the appropriate ruling. I'm 50/50 in the Court of Appeals in this thing. So I'm going to deny intervention for that reason that I do not think intervention would result in the intervening party prevailing on their claim . . . .

Auto-Owners argues that the trial court erred in denying its motion to intervene for purposes of collecting the costs awarded by this Court in a previous appeal. We agree.

A trial court's decision on a motion to intervene is reviewed for an abuse of discretion. *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 761; 630 NW2d 646 (2001). This Court reviews de novo a trial court's resolution of issues of law, including the interpretation of statutes and court rules. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

As a threshold matter, this appeal implicates the construction of MCR 2.209. The rules of statutory construction apply to the construction of court rules. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). "When construing a statute, this Court must consider the object of the statute and apply a reasonable construction that best accomplishes the purpose of the statute." *Shenkman v Bragman*, 261 Mich App 412, 413-414; 682 NW2d 516 (2004). Each statutory provision must be read in the context of the entire statute, in order to produce an "harmonious whole." *Id.*, p 414. "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999).

MCR 2.209 provides, in pertinent part:

(A) Intervention of right. On timely application a person has a right to intervene in an action:

(1) when a Michigan statute or court rule confers an unconditional right to intervene;

(2) by stipulation of all the parties; or

(3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(B) Permissive Intervention. On timely application a person may intervene in an action[:]

(1) when a Michigan statute or court rule confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Intervention is an action where a third party becomes a party in a suit that is pending between others. *Ferndale School Dist v Royal Oak Twp School Dist*, 293 Mich 1, 12; 291 NW 199 (1940). "The rule for intervention should be liberally construed to allow intervention where the applicant's interests may be inadequately represented." *Neal v Neal*, 219 Mich App 490, 492; 557 NW2d 133 (1996). However, "intervention may not be proper where it will have the effect of delaying the action or producing a multifariousness of parties and causes of action." *Precision Pipe & Supply, Inc v Meram Constr, Inc*, 195 Mich App 153, 157; 489 NW2d 166 (1992).

We agree with Auto-Owners that it had a right to intervene under MCR 2.209(A)(3) because it claimed

"an interest relating to the property or transaction which is the subject of the action . . . ." The trial court evaluated this issue in terms of whether Auto-Owners would prevail on its claim. But the court rule makes no reference to whether the party seeking intervention has a meritorious claim, only that it has a claim.

But, of course, ultimately the trial court's error in denying intervention would be harmless if Auto-Owners' claim lacked merit. On this point, we believe that Auto-Owners' claim was meritorious and that the trial court should have allowed it to recover the costs awarded in the prior appeal from the proceeds of the wrongful death action.

In *Mason v Cass Co Bd of Co Rd Comm'rs*, 221 Mich App 1, 5-6; 561 NW2d 402 (1997), this Court held that mediation sanctions may be deducted from an award in a wrongful death action before that award is distributed. In *Mason*, although the plaintiff prevailed in her wrongful death action, the net jury verdict was below the mediation award and, therefore, mediation sanctions were assessed. The plaintiff argued that those sanctions could not be deducted from the award because such expenses are not authorized to be deducted from a wrongful death award under the wrongful-death statute. *Id.*, pp 3-4. This Court disagreed, concluding that the statute only limited what could be deducted from "the proceeds" of the action, not from the jury award. *Id.*, pp 4-6. The Court concluded that "the proceeds" only includes monies from the award that has been reduced by mediation sanctions. *Id.*, p 5.

While this case involves costs taxed by the prevailing party in an appeal, and not the recovery of mediation sanctions, we see no basis to distinguish between the two. Part of the analysis in *Mason* was a refusal to frustrate the intent behind mediation sanctions by

effectively giving estates immunity from sanctions where there are little assets in an estate. *Id.*, p 6, citing *In re McDivitt Estate*, 169 Mich App 435, 440; 425 NW2d 575 (1988). Although an award of costs to the prevailing party in an appeal does not serve the same purpose as mediation sanctions, it serves a similar purpose. And just as there is no purpose to allowing estates to escape mediation sanctions, there is no valid purpose to allowing estates the ability to escape an award of costs to the prevailing party. Accordingly, consistent with this Court's decision in *Mason*, we hold that the proceeds of a wrongful death action are determined after the reduction for an award of costs in litigation arising from the wrongful death just as the award may be reduced for mediation sanctions under *Mason*.

There remains, however, the question whether the fact that this action is technically a separate action from the one in which Auto-Owners prevailed and was awarded costs should affect the outcome of this action. This issue is addressed by MCR 2.504(D), which provides as follows:

> If a plaintiff who has once dismissed an action in any court commences an action based on or including the same claim against the same defendant, the court may order the payment of such costs of the action previously dismissed as it deems proper and may stay proceedings until the plaintiff has complied with the order.

Thus, the court rules recognize that a plaintiff may not avoid the payment of costs merely by dismissing an action and commencing a new action. The basis for any claim against Auto-Owners in the prior action is the same for the claim against the tortfeasor in the instant action. That is, any liability by Auto-Owners in the prior action was based not just on whether the defen-

dants were insured, but also on whether the defendants were found liable for the wrongful death. In other words, if plaintiff were unable to prevail on the merits in the instant action, then she would have been unable to prevail against Auto-Owners in the prior action even if the defendants were uninsured. The distinction between the two actions is not whether plaintiff had a meritorious wrongful death claim or whether defendants are liable for that wrongful death, but which insurer was obligated to pay the claim.

In short, because the instant action involves the same essential claim as the prior action, we do not believe that plaintiff may escape responsibility for paying costs in the prior action merely by choosing to commence a new action instead of continuing the old action. The costs awarded to Auto-Owners represent the cost of litigation of the wrongful death action that, under *Mason*, should have been deducted from the jury award before determining the amount of the net proceeds to be distributed to the beneficiaries. The trial court erred in failing to allow Auto-Owners to intervene and recover its award of costs from the wrongful death award before the proceeds of that award were distributed to the beneficiaries.

Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. Auto-Owners may tax costs.