# STATE OF MICHIGAN

# COURT OF APPEALS

STATE TREASURER,

Plaintiff-Appellee,

v

BRADLEY BENCES, RANDIE BENCES,
Successor Power of Attorney, and BRIAN
BENCES, Power of Attorney and Joint Receiver,

Defendants-Appellees,

and

MONROE BANK & TRUST,

Defendant,

and

JOHN BURTLE,

Intervenor-Appellant.

UNPUBLISHED
October 20, 2016

No. 327657
Lenawee Circuit Court
LC No. 14-005070-CZ

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Intervening-appellant, John Burtle, appeals as of right the trial court's stipulation of settlement and final order in an action between plaintiff, the State Treasurer, defendants-appellees, Bradley Bences (Bences), successor power of attorney Randie Bences, power of attorney and joint receiver Bryan Bences, and defendant, Monroe Bank & Trust, pursuant to the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 *et seq.* At issue in this appeal is an earlier order in which the trial court denied Burtle's motion to intervene in the SCFRA action. We affirm.

In 2013, Bences was convicted of assault with a dangerous weapon (felonious assault), MCL 750.226, among other crimes, for stabbing Burtle. The judgment of sentence ordered

-1-

Bences to pay $108,589 in restitution, and the court entered an order to remit funds for fines, costs, and assessments on December 11, 2013.

On May 27, 2014, the State Treasurer filed a complaint against defendants pursuant to the SCFRA, asserting that Bences was a state prisoner subject to the jurisdiction of the Michigan Department of Corrections (MDOC), and seeking reimbursement for his incarceration costs. Burtle filed a motion to intervene in the SCFRA action pursuant to MCR 2.209(A). Following a hearing, the trial court denied his motion.

On appeal, Burtle argues that the trial court abused its discretion by denying his motion to intervene because he had an interest in the SCFRA action as a result of the restitution order. Specifically, Burtle asserts that his payment under the restitution order should take priority over the State Treasurer's reimbursement claim under the SCFRA. We disagree.

"A trial court's decision on a motion to intervene is reviewed for an abuse of discretion." *Hill v L F Transp, Inc*, 277 Mich App 500, 507; 746 NW2d 118 (2008), citing *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 761; 630 NW2d 646 (2001). "This Court reviews de novo a trial court's resolution of issues of law, including the interpretation of statutes and court rules." *Hill*, 277 Mich App at 507, citing *Cardinal Mooney High Sch v Mich High Sch Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

A person may intervene in an action by right

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. [MCR 2.209(A)(3).]

" 'The rule for intervention should be liberally construed to allow intervention where the applicant's interests may be inadequately represented.' " *Hill*, 277 Mich App at 508, quoting *Neal v Neal*, 219 Mich App 490, 492; 557 NW2d 133 (1996). Nevertheless, " 'intervention may not be proper where it will have the effect of delaying the action or producing a multifariousness of parties and causes of action.' " *Hill*, 277 Mich App at 508, quoting *Precision Pipe & Supply, Inc v Meram Constr, Inc*, 195 Mich App 153, 157; 489 NW2d 166 (1992).

In this case, the trial court correctly concluded that Burtle did not have a sufficient interest in the property at issue in the State Treasurer's SCFRA action against Bences to mandate his intervention because he did not have a perfected interest arising from the restitution order. At the time Burtle filed his motion to intervene, he had not yet filed a personal injury action against Bences. Although Burtle was awarded restitution as part of Bences's sentence, he provided no evidence confirming that Bences failed to satisfy the restitution order, and he failed to seek enforcement of the order beyond moving to intervene in the State Treasurer's SCFRA action.

Trial courts are required to award restitution to crime victims. Const 1963, art 1, § 24; MCL 769.1a(2);[1] MCL 780.766(2);[2] *In re Lampart*, 306 Mich App 226, 232-233; 856 NW2d 192 (2014). Restitution must be made immediately, unless the court orders otherwise. MCL 769.1a(10); MCL 780.766(10). Further, both the Code of Criminal Procedure, MCL 760.1 *et seq.*, and the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, provide that

> [a]n order of restitution . . . remains effective until it is satisfied in full. An order of restitution is a judgment and lien against all property of the defendant for the amount specified in the order of restitution. The lien may be recorded as provided by law. An order of restitution may be enforced by the prosecuting attorney, a victim, a victim's estate, or any other person or entity named in the order to receive the restitution in the same manner as a judgment in a civil action or a lien. [MCL 769.1a(13); MCL 780.766(13).]

Burtle does not allege, and the record contains no evidence, that Burtle sought to enforce the restitution order in the same manner as a judgment in a civil action or a lien. Therefore, Burtle did not have a perfected interest in the assets sought by the State Treasurer at the time the State Treasurer initiated the SCFRA action.

Furthermore, the court did not abuse its discretion by denying Burtle's motion to intervene because an SCFRA action is not the type of proceeding in which Burtle had the right to intervene. Pursuant to MCL 800.403(2) of the SCFRA,

> [i]f the attorney general . . . has good cause to believe that a prisoner has sufficient assets to recover not less than 10% of the estimated cost of care of the prisoner or 10% of the estimated cost of care of the prisoner for 2 years, whichever is less, the attorney general shall seek to secure reimbursement for the expense of the state of Michigan for the cost of care of that prisoner.

---

[1] MCL 769.1a(2) provides the following:

> Except as provided in [MCL 769.1a(8)], when sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

[2] MCL 780.766(2) provides, in relevant part, the following:

> Except as provided in [MCL 780.766(8)], when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

In so doing, the attorney general may file a complaint seeking reimbursement. MCL 800.404(1). The court must then "issue an order to show cause why the prayer of the complainant should not be granted." MCL 800.404(2). If the court concludes that a prisoner has assets subject to the SCFRA, it must order any person possessing those assets "to appropriate and apply the assets or a portion thereof toward reimbursing the state . . . ." MCL 800.404(3).

Under the SCFRA, "the state . . . is not a 'creditor,' nor is the relationship between a prisoner and the state a typical debtor-creditor relationship." *State Treasurer v Schuster*, 456 Mich 408, 419; 572 NW2d 628 (1998). Further, "the statutory obligation created by the SCFRA is not a 'personal judgment or liability against the prisoner,' but 'a lien upon his estate[.]' " *State Treasurer v Sheko*, 218 Mich App 185, 189; 553 NW2d 654 (1996), quoting *Auditor General v Hall*, 300 Mich 215, 221; 1 NW2d 516 (1942). The SCFRA affords the state a number of tools to secure a prisoner's assets for reimbursement that would not be available to the average creditor in a civil action. For example, without formal discovery, all prisoners must complete a form listing their assets. MCL 800.401b. The statute then provides:

> [T]o secure reimbursement under [the SCFRA], the attorney general may use any remedy, interim order, or enforcement procedure allowed by law or court rule including an ex parte restraining order to restrain the prisoner or any other person or legal entity in possession or having custody of the estate of the prisoner from disposing of certain property pending a hearing on an order to show cause why the particular property should not be applied to reimburse the state as provided for under this act. [MCL 800.404a(1).]

An ordinary creditor does not have, and is not entitled to, the unique statutory tools that are available to the state when it pursues a reimbursement claim under the SCFRA. This suggests that the Legislature intended to give such state reimbursement claims priority over the claims of other creditors. The mere fact that Burtle is a beneficiary of a restitution order likewise does not confer him with the same statutory advantages available to the state. Accordingly, it would be improper to allow Burtle, or any other potential creditor, to intervene in an SCFRA action between the state and a prisoner and thus benefit from these statutory tools.

Moreover, even if the court abused its discretion by denying Burtle's motion to intervene, the court's error was harmless. Despite Burtle's argument to the contrary, his restitution order would not have taken priority over the state's reimbursement claim pursuant to the SCFRA. The SCFRA grants the state access to most of a prisoner's assets for reimbursement. The statute defines "assets" to mean "property, tangible or intangible, real or personal, belonging to or due a prisoner or former prisoner including income or payments to such prisoner from social security, worker's compensation, veteran's compensation, pension benefits, . . . or from any other source whatsoever . . . ." MCL 800.401a(a). The only property excluded from the definition is the prisoner's homestead up to $50,000 and money saved from wages paid to the prisoner while he or she was confined to a state correctional facility. MCL 800.401a(a)(*i*) and (*ii*). Further, when entering a reimbursement order, a court need only consider the prisoner's legal and moral obligations to dependents. MCL 800.404(5).

In other words, " 'the plain and broad language of the reimbursement provisions at issue indicates a legislative intent to shift the burden of incarceration expenses to prisoners and from

the taxpayers whenever possible.' " *State Treasurer v Snyder*, 294 Mich App 641, 647; 823 NW2d 284 (2011), quoting *Schuster*, 456 Mich at 418. The SCFRA does not require a court entering a reimbursement order to consider any restitution the prisoner may owe a victim. See MCL 800.404(5). This Court's opinion in *Sheko* further illustrates the broad grant of authority the Legislature gave to the state under the SCFRA. In *Sheko*, 218 Mich App at 186-187, the state filed a complaint pursuant to the SCFRA to intercept money a prisoner was going to receive as part of an arbitration award. This Court rejected the prisoner's argument that he preferred to pay the debts he owed to his brother first, concluding that

> any common-law right defendant may have had to prefer creditors does not apply to actions under the SCFRA. Accepting defendant's position would lead to the absurd result of the state receiving reimbursement only when a prisoner has no other financial obligations or, having other financial obligations, does not object to the state securing reimbursement from the prisoner's assets. [*Id*. at 188.]

The CVRA does not explicitly provide that restitution orders to victims take priority over the state's reimbursement claims under the SCFRA. Under MCL 780.766a(1) and (2), restitution payments take priority over "fines, costs, . . . assessments, probation or parole supervision fees, or other payments arising out of the same criminal proceeding . . . ." However, these statutory provisions make no reference to reimbursement pursuant to the SCFRA. Further, MCL 780.768 states that restitution must be paid by a prisoner before reimbursement under the SCFRA, but only in cases in which the prisoner has derived a profit from recollections of thoughts or feelings or the sale of memorabilia related to the offense committed by the prisoner. This suggests that restitution orders do not take priority over SCFRA claims under general circumstances. In sum, Burtle has not shown that he was entitled to intervene in the SCFRA action, or that he was entitled to priority distribution over the state.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens