*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BETHANY M. HILL,

    Plaintiff-Appellee,

v

JOSEPH J. HILL,

    Defendant-Appellant.

UNPUBLISHED
January 16, 2026
8:30 AM

No. 374724
Muskegon Circuit Court
LC No. 2021-001876-DM

Before: RICK, P.J., and MALDONADO and KOROBKIN, JJ.

PER CURIAM.

This case involves a post-divorce dispute over legal custody. Defendant-father, Joseph Hill, appeals from the trial court's order granting sole legal custody to plaintiff-mother, Bethany Hill. Because the trial court did not make requisite findings under the Child Custody Act (CCA), MCL 722.21 *et seq.*, we vacate its order and remand for reevaluation of legal custody at an evidentiary hearing.

## I. BACKGROUND AND FACTS

The parties' consent judgment of divorce was entered on February 22, 2022 and awarded joint legal and physical custody of their three elementary school-aged children—HH, SH, and EH—with week-on/week-off parenting time. About a year later in March 2023, plaintiff moved for sole legal custody. Her motion detailed several disputes between the parties over parental decision-making, including defendant's refusal to enroll the two older children in counseling and concerns over how defendant had handled medical treatment for HH's broken arm. In response, defendant highlighted plaintiff's unilateral decision to enroll the children in counseling without informing him, and requested an order instead awarding him sole custody.

The parties' dispute over legal custody continued over six hearings across nearly two years. The first hearing on plaintiff's motion was held in April 2023. At that point, the trial court declined to order sole legal custody, instead ordering the parties to communicate solely through a parenting app and to meet with the children's counselor to make a joint decision about counseling. The parties returned two months later in June 2023, stipulating to have the children's counselor prepare a written recommendation as to whether the children should continue in counseling because the

-1-

counselor would not meet with the parties. The parties testified about an incident in which defendant refused to allow SH to go on a field trip and ultimately kept all three children home from school. While defendant stated that SH did not want to go because his mother would be there, plaintiff testified that defendant communicated before the field trip that the child would not attend because it was not plaintiff's parenting time week. The trial court credited plaintiff's version of events, which was supported by the transcript of their conversation from the parenting app. The trial court ordered coparenting counseling for the parties.

In November 2023, plaintiff filed a second motion, which focused on the allegation that defendant told the children that plaintiff is evil and a manipulator, and again requested sole legal custody. The parties appeared for the November hearing after receiving the counselor's report, which did not make a specific recommendation but stated that children going through big life changes such as divorce benefit from counseling. Defendant denied that he ever stated in front of the children that plaintiff was a liar or manipulator. The trial court observed that the parties could not agree on the counseling matter, as plaintiff wanted counseling for the children and defendant did not believe that it was necessary, and, reasoning that counseling could be beneficial, ordered that the two older children be enrolled in counseling. The trial court also held defendant in contempt, with the finding held in abeyance, regarding defendant's unilateral decision to make a teacher choice request for one of the children without consulting plaintiff, describing it as a "textbook example of the failure to comply with joint legal custody . . . ." The trial court also appointed a legal guardian ad litem (LGAL) to provide recommendations regarding custody, parenting time, and counseling.

The parties returned for a status review hearing in May 2024 following two reports submitted by the LGAL in January and May. The LGAL concluded in her first report that she did not recommend a change in custody, but like the trial judge, was concerned that if the parents did not cooperate to make changes, the custody arrangement may need to change to ensure that the children's physical and emotional needs were met. The LGAL also concluded that the children should remain in counseling, and the trial court agreed, entering an order reflecting that the children would remain in counseling with provider Fresh Coast Counseling. The trial court also accepted the parties' agreement to end coparenting counseling, as the appointments were causing plaintiff to experience panic attacks necessitating individual counseling.

Plaintiff filed her third motion requesting sole legal custody in November 2024, indicating that despite the court's order that the children remain in counseling with Fresh Coast Counseling, defendant terminated counseling, and she requested that the children be re-enrolled. Meanwhile, the LGAL submitted her third and final report, which concluded that "these parents will not be able to co-parent successfully without continued conflict that is disruptive to the children's wellbeing." An evidentiary hearing was held on two dates in January and February 2025. The parties' testimony established deep-seated disagreements between them over the method, manner, and need for counseling. For example, defendant had unilaterally removed the children from Fresh Coast Counseling, believing that they would benefit from evaluation and treatment by a more credentialed provider. By contrast, plaintiff believed that it was in the children's best interests to continue at Fresh Coast Counseling, where she had initially unilaterally enrolled them. The trial court held defendant in contempt for removing the children from counseling in violation of the court's order. Defendant had also unilaterally cancelled a pediatrician appointment scheduled by plaintiff to consider mental health treatment options for SH

without consulting plaintiff, apparently believing that the pediatrician would immediately prescribe medication without his approval. While defendant believed that counseling had caused no change in SH's behaviors, plaintiff observed significant improvements. The parties also testified about two Children's Protective Services (CPS) investigations instigated by defendant against plaintiff without communicating with her beforehand, and which CPS did not substantiate. The parties were questioned extensively about other examples of medical treatment and whether defendant had appropriately handled the children's medical needs.

At the conclusion of the hearing, the trial court issued a decision from the bench awarding sole legal custody to plaintiff. The court observed that it had ordered sole legal custody in very few cases, explaining that under *Fisher v Fisher*, 118 Mich App 227, 233; 324 NW2d 582 (1982), sole custody should be awarded if parents cannot agree on essential decisions. The court went on to describe the testimony it had heard about the parties' inability to cooperate on medical care and schooling decisions, emphasizing defendant's repeated failures to communicate with plaintiff and inconsistency between his words and actions. Ultimately, the court concluded that the best interests of the children would be served by awarding sole decision-making authority to plaintiff and memorialized its decision in an order dated February 19, 2025. This appeal followed.

## II. STANDARDS OF REVIEW

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010).

We have further explained these three standards of review applicable to custody cases as follows:

> Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless they clearly preponderate in the opposite direction. *Rittershaus v Rittershaus*, 273 Mich App 462, 473; 730 NW2d 262 (2007). In a child custody context, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger* [*v Berger*, 277 Mich App 700, 705;] 747 NW2d 336 [2008]. Clear legal error occurs "[w]hen a court incorrectly chooses, interprets, or applies the law." *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994). Additionally, we review de novo a trial court's resolution of issues of law, including the interpretation of statutes and court rules. *Hill v LF Transp, Inc*, 277 Mich App 500, 507; 746 NW2d 118 (2008). [*Brausch v Brausch*, 283 Mich App 339, 347; 770 NW2d 77 (2009).]

III. ANALYSIS

Plaintiff argues that the trial court committed clear legal error because it did not make the requisite findings to change legal custody. We agree, and conclude that the trial court's order must be vacated and the case remanded.

The CCA governs the resolution of custody disputes in Michigan and provides a comprehensive scheme. In "all actions involving dispute a minor child's custody, the court shall declare the child's inherent rights and establish the rights and duties as to the child's custody, support, and parenting time in accordance with" the CCA. See MCL 722.24(1). The CCA contains "specific procedural requirements and factual findings under MCL 722.27(1)(c) that must be made before a trial court may modify a child's established custodial environment." *Kuebler v Kuebler*, 346 Mich App 633, 667-668; 13 NW3d 339 (2023). The best interests of children is the "overriding concern" of the CCA. *Id.* at 668. The purposes of the CCA "are to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Id.* (citation and quotation marks omitted).

MCL 722.27(1)(c) imposes a gatekeeping function on trial courts, acting as a "barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003). As a threshold matter, a party seeking to change custody must establish proper cause or a change in circumstances by a preponderance of the evidence. See *id.* at 507-509. "Proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken" and is relevant to at least one of the statutory best-interest factors. *Id.* at 511-512. "In order to establish a 'change of circumstances,' a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id.* at 513. When an appellate court cannot adduce evidence of a proper cause or change in circumstances sufficient to justify a trial court's reconsideration of legal custody from the record, reversal is warranted. See *Merecki v Merecki*, 336 Mich App 639, 647, 650; 971 NW2d 659 (2021).

MCL 722.27(1)(c) also provides that a court may not "modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." Therefore, as a next preliminary step to resolving a custody dispute, a trial court must make a finding on whether the child had an established custodial environment with either or both parents. See *Brausch*, 283 Mich App at 356 n 7. An established custodial environment exists if "over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort," MCL 722.27(1)(c). "It is both a physical and a psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence." *Berger*, 277 Mich App at 706.

A trial court's determination as to whether and with whom an established custodial environment exists in turn determines the applicable burden of proof. See *Pierron*, 486 Mich at 92. Accordingly, "[t]he failure to determine whether there is an established custodial environment is not harmless . . . ." *Kessler v Kessler*, 295 Mich App 54, 62; 811 NW2d 39 (2011). If a proposed

change would modify an established custodial environment, then the proponent of the change must demonstrate by clear and convincing evidence that the proposed change is in the child's best interests. *Pierron*, 486 Mich at 92. If the proposed change would not modify an established custodial environment, then the proponent of the change need only demonstrate by a preponderance of the evidence that the proposed change is in the child's best interests. *Id.* When there is a joint established custodial environment, neither parent's custody may be disrupted absent clear and convincing evidence that the change is in the child's best interests. *Powery v Wells*, 278 Mich App 526, 529; 752 NW2d 47 (2008).

Trial courts must resolve custody disputes by determining what is in the child's best interests. MCL 722.27(1)(c). In doing so, they must consider the 12 best-interest factors stated in MCL 722.23 under the appropriate standard of proof. *Kuebler*, 346 Mich App at 671. The trial court must consider each factor and explicitly state its findings and conclusions regarding the factor. *Rittershaus*, 273 Mich App at 475.

When reviewing joint custody, a trial court must not only determine whether joint custody is in the child's best interests by examining the best-interest factors stated under MCL 722.23, see MCL 722.26a(1)(a), but must also determine whether the "parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child," MCL 722.26a(1)(b). See also *Dailey v Kloenhamer*, 291 Mich App 660, 667; 811 NW2d 501 (2011). "Joint legal custody" refers to the parents' shared " 'decision-making authority as to the important decisions affecting the welfare of the child.' " *Lieberman v Orr*, 319 Mich App 68, 80; 900 NW2d 130 (2017), quoting MCL 722.26a(7)(b). "If two equally capable parents . . . are unable to cooperate and to agree generally concerning important decisions affecting the welfare of their children, the court has no alternative but to determine which parent shall have sole custody of the children" by evaluating the best-interest factors, MCL 722.23. *Fisher*, 118 Mich App at 233, see also *Bofysil v Bofysil*, 332 Mich App 232, 249; 956 NW2d 544 (2020).

The remedy for failure to make the requisite findings on best interests is reversal and a remand for a new child-custody hearing. *Rivette v Rose-Molina*, 278 Mich App 327, 330; 750 NW2d 603 (2008). As this Court observed recently:

> If a trial court improperly adjudicates a child-custody dispute, and the impropriety is not harmless, the appropriate remedy is to remand for reevaluation or for a new child-custody hearing. See [*Rittershaus*, 273 Mich App at 475-476]. On remand, the trial court "must reevaluate the child's established custodial environment and must also reanalyze the best-interest factors. In resolving both issues, the court should consider all up-to-date information brought to its attention." *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014). [*Quint v Quint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 4.]

In this case, plaintiff argues that the trial court improperly decided legal custody without a finding of proper cause or change of circumstances, without a determination of the appropriate burden of proof, and without analyzing the best-interest factors. Because plaintiff did not raise this argument in the trial court, it is unpreserved. See *Demski v Petlick*, 309 Mich App 404, 426; 873 NW2d 596 (2015). Unpreserved errors in child-custody cases are subject to plain-error

-5-

review. *Quint*, ___ Mich App at ___; slip op at 7. On appeal, a party must establish the following elements to demonstrate that a plain error occurred warranting reversal:

> 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) the plain error affected substantial rights, and 4) once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted when the plain, forfeited error seriously affected the fairness, integrity or public reputation of judicial proceedings. [*Id.* at ___; slip op at 7, citing *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020) (cleaned up).]

When conducting plain error review, courts typically evaluate whether the substantial rights of a party are affected, but in the child-custody context, the focus of this inquiry is on the child's substantial rights. *Quint*, ___ Mich App at ___; slip op at 8. Applying plain error review to this case, we hold that defendant is entitled to relief.

To begin with, the trial court made no threshold determination on proper cause or change in circumstances. See *Vodvarka*, 259 Mich App at 507-509; MCL 722.27(1)(c). However, an appellate court need not remand to rectify the error if it can adduce from the record evidence proper cause or change in circumstances sufficient to justify the trial court's reconsideration of legal custody. See *Merecki*, 336 Mich App at 647. On this record, there was proper cause or change in circumstances. "Proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken" and is relevant to at least one of the statutory best-interest factors. *Vodvarka*, 259 Mich App at 511-512. A change in circumstances can be established with evidence that "the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed" since the entry of the last custody order. *Id.* at 513.

Here, the change of circumstances or proper cause in question concerns the issue of counseling. "Medical . . . decisions are clearly important decisions affecting the welfare of the children." *Shulick*, 273 Mich App at 327 (quotation marks omitted). The parties' disagreements on whether and how to provide counseling to the children arose near the time that plaintiff filed her first motion in March 2023, almost a year after the entry of the judgment of divorce in February 2022. The dispute was sparked when plaintiff unilaterally enrolled the children in counseling in 2023, leading defendant to become upset that plaintiff did so without his involvement, and subsequent differences of opinion over counseling followed. This change in the perceived need of the children to receive counseling by plaintiff, and attendant disagreements with defendant over the manner in which to proceed—which could significantly impact the children's well-being—pertains directly to best-interest factor (c): "The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care . . . and other material needs." MCL 722.23(c). Accordingly, proper cause or change in circumstances is supported by the record.

By contrast, the trial court's omission of other critical findings constituted plain error that we cannot overlook. The trial court did not rule on whether an established custodial environment existed, and if so, with whom. See *Pierron*, 486 Mich at 92; *Kessler*, 295 Mich App at 62.

Consequently, the trial court did not determine or apply the appropriate burden of proof. See *Pierron*, 486 Mich at 92. Additionally, although the trial court considered whether the parties were able to cooperate to make important decisions concerning the children's welfare, MCL 722.26a(1)(b), cited *Fisher*, 118 Mich App at 233, and observed in general terms that the best interests of the children would be served by awarding sole custody to plaintiff, the trial court made no findings on any of the 12 specific best-interest factors under MCL 722.23. See MCL 722.26a(1)(a). This omission violates the requirement that trial courts must consider each best-interest factor and explicitly state their findings and conclusions regarding each factor. *Rittershaus*, 273 Mich App at 475.

In considering whether the plain error affected substantial rights, the focus of this inquiry is on the children's substantial rights. *Quint*, ___ Mich App at ___; slip op at 8. In *Quint*, this Court found that the trial court's error in failing to consider just one best-interest factor—the child's reasonable preference under MCL 722.23(i)—affected the child's substantial rights. *Id.* Here, the trial court did not make findings on *any* of the best-interest factors. Therefore, this error also affected the children's substantial rights. Further, we found in *Quint* that this error seriously affected the fairness and integrity of the custody proceedings. *Id.* So too here, the wholesale failure to make any finding on the best-interest factors seriously affected the fairness and integrity of the proceedings. We therefore cannot affirm even under plain error review, because the trial court committed clear legal error on a major issue, see MCL 722.28, and its error substantially affected rights in a way that seriously affected the fairness and integrity of the proceedings.

Accordingly, we vacate the trial court's February 19, 2025 order and remand for a new custody hearing to make findings on the children's established custodial environment and best interests. See *Kubicki*, 306 Mich App at 544-545. A finding on established custodial environment entails determining whether "an established custodial environment existed with plaintiff, defendant, or both parties" before the trial court "determines the custody arrangement that serves the best interests of the children." *Kessler*, 295 Mich App at 62. The trial court's finding on the children's established custodial environment will also establish the applicable burden of proof for plaintiff's request to change custody. See *Pierron*, 486 Mich at 92. While it is likely that the established custodial environment was with both parties, who shared joint custody, and that the attendant burden to change custody was by clear and convincing evidence, see *Wells*, 278 Mich App at 529, we must remand this factual question to the trial court for explicit findings. See *Kessler*, 295 Mich App at 61 (remanding to trial court when failure to make findings on established custodial environment was not harmless); *Kubicki*, 306 Mich App at 540-541 (remanding to trial court when failure to make findings on established custodial environment was harmless). The trial court must also consider each best-interest factor and explicitly state its findings and conclusions for each factor. See *Rittershaus*, 273 Mich App at 475. In doing so, the trial court must re-evaluate the circumstances of the children using up-to-date information in existence at the time of the evidentiary hearing. See *Kubicki*, 306 Mich App at 545; see also *Butters v Butters*, 510 Mich 1096, 1096-1097; 982 NW2d 173 (2022).

Vacated and remanded. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado
/s/ Daniel S. Korobkin