DELAMIELLEURE v BELOTE

Docket No. 254593. Submitted July 7, 2005, at Grand Rapids. Decided July 12, 2005, at 9:10 a.m.

> Eric J. Delamielleure obtained a divorce from Kari S. Belote, then known as Kari S. Delamielleure, in 2001 in the Kent Circuit Court, Family Division. The stipulated divorce judgment provided that the domicile of the parties' child is the defendant's state of residence and that both parties expressly waived the requirement that they comply with MCL 722.31. When the defendant advised the plaintiff in 2003 that she and her new husband intended to move to Arkansas, the plaintiff moved to correct the divorce judgment, arguing that the provision concerning the child's domicile did not comply with MCL 722.31. The court, Nanaruth H. Carpenter, J., granted the motion and struck the provision. Following a hearing, the court denied the defendant's request to change the child's domicile to Arkansas. The defendant appealed by leave granted.
>
> The Court of Appeals *held*:
>
> MCL 722.31 restricts changes in a legal residence of a child whose parental custody is governed by court order, requiring consent of the other parent or permission of the trial court for changes such as that requested in this case. The statute does not authorize the parties to waive compliance with its provisions, and the attempted waiver is ineffective. Moreover, the clear and unambiguous language of the statute reflects the requirement of the other parent's consent to a specific change of the child's legal residence, and does not permit a general consent to any potential change that is unidentified and nonspecific. Thus, a blanket consent to changes in the child's legal residence in a divorce judgment is contrary to the statute. The trial court withheld its permission for a change in the child's legal residence without the other parent's consent. The defendant may not change the child's legal residence to Arkansas.
>
> Affirmed.

PARENT AND CHILD — CUSTODY — CHANGE IN CHILD'S LEGAL RESIDENCE.

> The Child Custody Act restricts changes of a legal residence of a child whose parental custody is governed by court order and

requires the consent of the other parent or permission of the trial court for certain changes; the consent must be to a specific, identifiable change of the child's legal residence and not a blanket or general consent to any potential change that is unidentifiable and nonspecific; the act does not authorize the parties to waive compliance with this requirement (MCL 722.31).

*Joseph H. Doele, PLC* (by *Joseph H. Doele*), and *Richard A. Roane, PLLC* (by *Richard A. Roane*), for the plaintiff.

*Patrick & Kwiatkowski, PLLC* (by *Aaron J. Gauthier*), and *Rizzo, Bryan & Brownley, PC* (by *Jennie Boldish Bryan*), for the defendant.

Before: MURPHY, P.J., and SAWYER and DONOFRIO, JJ.

SAWYER, J. We are asked in this case to determine whether the statutory restriction on changing a child's legal residence following a divorce, MCL 722.31, is complied with where the parties to the divorce include in their settlement agreement a blanket consent to such a change in legal residence. We hold that the statutory restrictions are not met under such circumstances because the statute requires parental consent for a specific change in legal residence and does not authorize a general consent to be granted for any future move.

The parties were divorced in 2001 pursuant to a stipulated judgment of divorce. The judgment included the following provision:

The domicile of the child shall be the state of residence of the Defendant. The parties expressly waive the requirement that they each comply with Section 11 of the "Child Custody Act of 1970", 1970 PA91 [sic], as amended by Act No. 422 of the Public Acts of 2000, being Section 722.31 of the Michigan Compiled Laws.

In 2003, defendant and her new husband, Joe Belote, informed plaintiff that they were going to move to Arkansas. Plaintiff objected and filed a motion to correct and enforce the judgment, arguing that the quoted provision was not in compliance with the statute. The trial court granted the motion and struck the change of domicile provision from the judgment. Thereafter, the trial court held a hearing on defendant's request to change the child's domicile to Arkansas and denied that request.

On appeal, defendant first argues that the statute allows parties to include in the divorce judgment an agreement consenting to the change of domicile for the minor child. We disagree. MCL 722.31 provides in pertinent part:

> (1) A child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.
>
> (2) A parent's change of a child's legal residence is not restricted by subsection (1) if the other parent consents to, or if the court, after complying with subsection (4), permits, the residence change. This section does not apply if the order governing the child's custody grants sole legal custody to 1 of the child's parents.

The ability of a parent to change a child's residence or domicile is also restricted by MCR 3.211(C), which provides:

> A judgment or order awarding custody of a minor must provide that
>
> (1) the domicile or residence of the minor may not be moved from Michigan without the approval of the judge who awarded custody or the judge's successor, and

(2) the person awarded custody must promptly notify the friend of the court in writing when the minor is moved to another address.

The divorce judgment in this case fails to comply with the statute. First, the divorce judgment states that the parties "waive" the requirement to comply with the statute. But nothing in the statute authorizes the parties to waive compliance with the statute. Indeed, subsection 4, in outlining the factors for the trial court to consider in granting or withholding permission to allow the change of legal residence over the other parent's objection, directs that the child is to be "the primary focus in the court's deliberations[.]" MCL 722.31(4). That is, the statute recognizes that parenting time is not merely a right of the parent, but also a right of a child and thus an obligation of the parent. Consequently, even if the parties' rights could be and were waived, the child's rights—and the parents' obligations —were not and could not be waived by the divorce settlement. See, e.g., *Van Laar v Rozema*,[1] where the Court, in the context of a child support agreement, stated, "[T]his Court has taken a dim view of agreements purporting to sign away the rights of a child . . . ."[2] Accordingly, the waiver is ineffective.

Second, even if we treat the language of the judgment as merely being a blanket consent by plaintiff to allow defendant to change the child's legal residence at any time to any place, such a blanket consent would be contrary to the provisions of the statute. Subsection 2 of the statute clearly and unambiguously requires the

---

[1] 94 Mich App 619, 624; 288 NW2d 667 (1980).

[2] See also *Harvey v Harvey*, 470 Mich 186, 192-194; 680 NW2d 835 (2004) (regardless of the agreement of the parties, the court has the ultimate responsibility for determining and protecting a child's inherent rights with respect to custody, support, and parenting time)..

other parent to consent to "*the* residence change." MCL
722.31(2) (emphasis added). Use of the definite article
"the" reflects a different legislative intent than the use
of the indefinite article "a," with the former reflecting a
specific requirement and the latter reflecting a more
general requirement.[3] Thus, the use of the word "the,"
rather than "a" or "any," in MCL 722.31(2) reflects a
legislative intent that the other parent must consent to
the specific proposed change. That is, while a person
can consent to "any change" without there being a
specific change proposed, it is impossible to consent to
"the change" without there being a specific change
being proposed. In short, the only consent that can be
granted under the statute is consent to a specific,
identifiable change of legal residence; the statute is not
complied with by a general grant of consent to any
potential change that is unidentified and nonspecific.

Defendant also argues that, even if the divorce judg-
ment failed to comply with the statute, plaintiff is too
late to obtain relief from that judgment and, therefore,
the provision in the judgment must be enforced as
written. We disagree. But, even if we accept defendant's
argument, that has no bearing on the outcome of this
dispute. That is, even if the language is not struck from
the judgment, its presence has no meaning.

As discussed above, the statute requires that the
other parent grant consent to a specific proposed
change of legal residence. The language in the divorce
judgment does not grant plaintiff's consent to a specific,
identified change in legal residence; specifically, it does
not grant consent to change one of the child's legal
residences to Arkansas. Therefore, it does not consti-

---

[3] See *State Farm Fire & Cas Co v Old Republic Ins Co,* 466 Mich 142,
147-149; 644 NW2d 715 (2002), and *People v McDaniel,* 256 Mich App
165, 172; 662 NW2d 101 (2003).

tute a grant of consent under the statute. And without a grant of consent, or permission of the trial court, the child's legal residence may not be changed. Thus, it matters not whether the provision remains in the judgment. Ultimately, we need not decide whether the trial court could properly grant relief from the judgment or otherwise modify the divorce decree because the same result is reached either way.

Defendant looks to subsection 5 of the statute for the argument that the parties could address the issue of changing the child's legal residence or domicile in the judgment. MCL 722.31(5) provides:

> Each order determining or modifying custody or parenting time of a child shall include a provision stating the parent's agreement as to how a change in either of the child's legal residences will be handled. If such a provision is included in the order and a child's legal residence change is done in compliance with that provision, this section does not apply. If the parents do not agree on such a provision, the court shall include in the order the following provision: "A parent whose custody or parenting time of a child is governed by this order shall not change the legal residence of the child except in compliance with section 11 of the "Child Custody Act of 1970", 1970 PA 91, MCL 722.31.".

We agree with defendant to the extent that we read subsection 5 as authorizing the parties to reach an agreement regarding how a change in legal residence will be handled to memorialize such an agreement. Although we need not and do not decide the issue here, subsection 5 might reasonably be said to support the proposition that the divorce judgment could authorize a future, specific change and contain the details of how such a change would be handled. For example, in the case at bar, plaintiff states that, in agreeing to the settlement, he did so under the belief that defendant was contemplating a possible move to Chicago and that

plaintiff had no objections to such a move because of Chicago's proximity to Grand Rapids. It may well be that the statute is complied with if the judgment contains a consent to a specific anticipated change in legal residence that is being contemplated at the time of the settlement and the details of such a move are then set out in the judgment.[4] But as discussed above, the consent in the judgment in this case is too vague to be in compliance with the requirements of subsection 2. Nothing in subsection 5 alters that conclusion.

Defendant also argues that the trial court erred in concluding that the language of MCR 3.211(C) should have been included in the divorce judgment and in ordering its insertion now. Specifically, defendant argues that any restriction on the change of legal residence or domicile is a matter of substantive law, not

---

[4] We caution, however, that because this is not the situation presented to us, we are not considering how detailed such a provision must be in order to comply with the specificity requirement of the statute that the other parent consent to *"the* residence change." Whether a specific city must be identified, or whether it may be more general such as a county or state, is left for another case to decide. Similarly, a problem may arise in terms of the timing of the change of legal residence. That is, consent to move a one-year-old child's legal residence to Chicago contained in a judgment of divorce may not be adequate to authorize the move if it does not occur until the child is sixteen. In such a case, the change in circumstances that would necessarily occur in the course of the intervening fifteen years might compel the conclusion that "the residence change" that occurs fifteen years after the consent is given is simply not the same as "the residence change" that was agreed to fifteen years before. Again, we need not address those details; we merely wish to make it clear that this opinion does not address such details.

The trial court also noted the problem presented by an open-ended grant of consent, without restriction concerning time or location, in its opinion. In fact, that is the context in which the trial court made its observation regarding plaintiff's intent in agreeing to the settlement and its inconsistency with joint legal custody. Defendant presents an argument regarding those comments, but we do not consider them in detail because we do not read those comments as broadly as does defendant.

procedural law, and therefore the statute controls over the court rule. We need not decide that issue, however, because the two are not in conflict in this case. Because plaintiff has not granted his consent to the change of legal residence, even under the statute the trial court's approval is required. Accordingly, we leave the issue whether the court rule is impermissibly restrictive for another case to determine.

Finally, defendant argues that plaintiff's motion was by way of relief from the judgment under MCR 2.612(C) and, because more than one year had passed after entry of the judgment, the request was untimely. We disagree. First, we note that because we conclude that the provision in the judgment granting blanket, nonspecific consent to a change of legal residence is ineffective to comply with the statute, its presence in the divorce judgment is meaningless. Therefore, even if defendant's argument is correct, the error was harmless. Second, we think it fair to say that insertion of language mandated by court rule constitutes a correction of an error arising from oversight, which may be corrected at any time, including on the court's own initiative under MCR 2.612(C)(1).

In sum, MCL 722.31 restricts the changing of a child's legal residence absent the consent of the other parent or permission of the trial court. In the case at bar, the provision in the divorce judgment does not meet the requirements of the statute to constitute a consent to the change in legal residence because it does not identify the specific proposed change in legal residence at issue. Furthermore, the trial court withheld its permission for a change in legal residence without the other parent's consent. Accordingly, defendant may not change the child's legal residence to Arkansas.

Affirmed. Plaintiff may tax costs.