*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA JENSEN, formerly known as LISA THIEL,

        Plaintiff-Appellee,

v

STEPHEN LOUIS THIEL,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2025
1:30 PM

No. 371728
Wayne Circuit Court
Family Division
LC No. 17-107783-DM

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this custody action, defendant, Stephen Louis Thiel, asks us to reverse the trial court's order awarding sole legal custody of the parties' minor child to plaintiff, Lisa Jenson, and suspending Thiel's parenting time. We hold that the trial court clearly erred and, accordingly, we reverse and remand.

## I. FACTUAL BACKGROUND

Thiel and Jensen married on September 17, 2011, and had one child, ELT. In June 2017, Jensen filed for divorce and, in May 2018, the trial court entered a consent judgment of divorce. In the judgment, the trial court awarded sole physical custody of ELT to Jensen, and it awarded joint legal custody to both parents. The consent judgment included a schedule of Thiel's parenting time, which depended on his compliance with conditions related to his sobriety.

In November 2018, Jensen moved for sole legal custody of ELT and also asked the court to suspend Thiel's parenting time. Jensen argued that there was proper cause and a change of circumstances because Thiel did not remain sober and he failed to comply with the consent judgment. After evidentiary hearings, the trial court ruled on June 28, 2021, that ELT had an established custodial environment with Jensen and ordered that the parties share joint legal custody. The trial court found that Thiel maintained his sobriety and that he could exercise unsupervised parenting time on alternating weekends and on alternating Wednesday nights. The court further ordered the parties to use the Wayne County Co-Parenting plan except that Thiel would receive an additional week with ELT in July and August.

-1-

Between October 2023 and February 2024, the parties filed various motions regarding parenting time and enforcement of the June 28, 2021 order. Shortly before a June 18, 2024 hearing on the motions, Thiel filed a pro se emergency motion for temporary legal and physical custody of ELT. Thiel asserted that ELT had a high fever with vomiting, but Jensen refused to disclose ELT's recent medical history with him or to contact the hospital to discuss ELT's health. Thiel further alleged that, when Jensen finally spoke to a doctor, she disclosed that ELT received vaccinations the day before that could have caused her symptoms.

On June 18, 2024, the trial court held a hearing before a visiting judge who stated as follows:

> It is clear to me that the most important thing is to put a stop to the conflagration. This case has been (inaudible) from when it started. What kind of situation is that? The parties are in court all the time over an 11-year-old child. The most important thing is to put an end to it, if it can be at all.

The trial court cited the court's findings from its June 28, 2021 opinion and order and concluded that Thiel appeared to cause conflicts, he displayed narcissistic characteristics and irrational behavior, and he failed to appreciate the consequences of his actions. The court also cited a lawsuit Thiel filed in 2020 that the court found online, and stated that the case was further evidence that Thiel acted improperly throughout the lower court proceedings. The court stated as follows:

> There will be no parenting time, none, with Mr. Thiel except with the joint concurrence with [Jensen] and the child. Now, I have—you can be sure that one of the objectives of the Court in spite of everything I said, I do want the child for her sake, if no one else's, to have eventually a decent relationship with her father. It is not going [to] happen until he gets treatment or stops his animosity, or stops the malice. But I tell you one thing, I will not put up with it. And if there is any interference with my order between now and when we reconvene again, there will be consequences. There will be consequences. Take my word for it. There will be no—no visitation with the child except by the concurrence of the child herself and her mother. Both have to agree.

The court further opined that, based on a conversation with ELT, the child wanted to maintain a relationship with Thiel, but that his parenting time would only occur if Jensen and ELT both agreed to it. The following exchange also occurred at the hearing:

> *Mr. Thiel*: Your Honor, for the record, may I please state that intent [sic] to appeal your decision based upon Vodvarka versus Vodvarka, there must be an order modifying established custodial environment, there must be proper cause or change of circumstances. Has this Court found a change of circumstances and ordered an evidentiary hearing?
>
> *The Court*: I have nothing more to say. You do what you think you need to do.

On June 28, 2024, the trial court entered an order reflecting its ruling, and this appeal followed.

## II. PROPER CAUSE OR CHANGE IN CIRCUMSTANCES

Thiel argues that the trial court erred by ordering a change in custody and parenting time without finding proper cause or a change in circumstances. We agree.

### A. STANDARDS OF REVIEW AND LEGAL PRINCIPLES

"In matters involving child custody, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." *Brown v Brown*, 332 Mich App 1, 8; 955 NW2d 515 (2020) (quotation marks and citations omitted). As this Court also stated in *Brown*:

> This Court will not interfere with the trial court's factual findings unless the facts clearly preponderate in the opposite direction. Discretionary rulings, including a trial court's decision to change custody, are reviewed for an abuse of discretion. In child custody cases specifically, an abuse of discretion retains the historic standard under which the trial court's decision must be palpably and grossly violative of fact and logic. Clear legal error occurs when the trial court incorrectly chooses, interprets, or applies the law. This Court reviews the trial court's determination regarding a child's best interests for clear error. This Court gives deference to the trial court's factual judgments and special deference to the trial court's credibility assessments. [*Id*. at 8-9 (quotation marks and citations omitted).]

Further, in *Barretta v Zhitkov*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364921), this Court explained:

> The Child Custody Act (CCA), MCL 722.21 *et seq*., governs custody, parenting time, and child support issues for minor children in Michigan, and it is the exclusive means of pursuing child custody rights. The CCA is equitable in nature and must be liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved. The CCA promotes the best interests of the child by ensuring a stable environment free of unnecessary and disruptive custodial modifications. Indeed, constant changes in a child's physical custody can wreak havoc on the child's stability, as can other orders that may significantly affect the child's best interests. To that end, the CCA limits a court's power to modify previous judgments or orders regarding custody and parenting time. [*Id*., slip op at 6 (quotation marks and citations omitted).]

Consistent with that reasoning, in a child-custody dispute, a custody order or parenting time order may only be modified "for proper cause shown or because of change of circumstances" if it is in the best interest of the child. MCL 722.27(1)(c). If the trial court determines that a proper cause or change in circumstances exists, then it is required to "determine whether there is an established custodial environment with one or both parents before making any custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). "[A] party who seeks to change an established custodial environment of a child is required to show by clear and convincing evidence that the change is in the child's best interests." *Id*. But if the proposed

modification does not alter the established custodial environment, then "the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests." *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010). Before custody may be modified, an evidentiary hearing is required and, as stated in *Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019):

> Regardless of whether a court is establishing custody in an original matter or altering a prior custody order, the trial court must determine whether the change of custody is in the children's best interests and, to that end, must make specific findings of fact regarding each of the 12 statutory best-interest factors.

In *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003), this Court held as follows:

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being.
>
> * * *
>
> [I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [*Id*. at 512-514.]

The threshold requirement for changing custody acts as "a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders," and it is a factual determination that must be established on a case-by-case basis. *Id*. at 509 (quotation marks and citation omitted). However, an evidentiary hearing is not required to answer the initial factual question of whether proper cause or change in circumstances exist, because "[o]ften times, the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." *Id*. at 512.

If a trial court inadequately adjudicates a child-custody matter, and the resulting error is not harmless, the proper remedy is to remand for reassessment or for a new child custody hearing. *Barretta*, ___ Mich App at ___; slip op at 10. On remand, a trial court should examine up-to-date information, including the child's present and reasonable preferences, in addition to any alternate changes in circumstances arising since the original custody order. *Id*. at 13.

## B. DISCUSSION

In this case, the trial court failed to consider whether proper cause or a change of circumstances existed to warrant revisiting the issues of parenting time and legal custody as established in the divorce judgment. Instead, the court relied on an opinion and order issued three years earlier to conclude that a change in custody was warranted. The trial court also considered an unrelated lawsuit Thiel filed approximately four years earlier. The trial court did not consider any of the substantive allegations in the parties' custody motions or contemporaneous guardian ad litem (GAL) reports to determine whether some cause or change justified a modification of custody or parenting time. Because the trial court did not address the threshold question before modifying the custody and parenting time order, it committed clear legal error. See *Pennington v Pennington*, 329 Mich App 562, 576; 944 NW2d 131 (2019).

## III. ESTABLISHED CUSTODIAL ENVIRONMENT

Thiel also argues that the trial court erred by failing to examine ELT's established custodial environment before it modified custody and parenting time. Again, we agree.

After finding a change of circumstances or proper cause, the trial court was required to determine ELT's established custodial environment. *Barretta*, ___ Mich App at ___; slip op at 7. "The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). "[W]hether a custodial environment has been established is an intense factual inquiry." *Foskett v Foskett*, 247 Mich App 1, 6; 634 NW2d 363 (2001). As this Court further explained in *Barretta*, ___ Mich App at ___; slip op at 7:

> Whether an established custodial environment exists is a pivotal question, because it determines the applicable standard of proof. Specifically,
>
>> [a] proposed change [in parenting time] that would not alter the child's established custodial environment requires only an appropriate ground for taking legal action, whereas a proposed change that would alter the child's custodial environment requires a higher and more exacting finding of appropriate grounds that have or could have a significant effect on the child's life.
>>
>> The nature of the change also affects the standard by which it must be shown that the change is in the child's best interests. A mere adjustment in parenting time requires the movant to prove by a preponderance of the evidence that the change is in the best interests of the child pursuant to [*Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010)]. However, if a purported adjustment in parenting time would alter the child's established custodial environment, that adjustment is effectively a change in custody, mandating application of the higher clear and convincing evidence standard under [*Vodvarka*, 259 Mich App at 509]. [*Stoudemire v*

*Thomas*, 344 Mich App 34, 44; 999 NW2d 43 (2022) (quotation marks and citations omitted).]

In this case, the trial court failed to address whether ELT had an established custodial environment with either parent or whether any potential modifications to parenting time or legal custody would disrupt that established custodial environment. The failure to make these findings before changing custody and parenting time was also clear legal error. *Stoudemire*, 344 Mich App at 53-54.

## IV. EVIDENTIARY HEARING

We also agree with Thiel that the trial court erred by failing to hold an evidentiary hearing and failing to comply with MCL 722.27(1)(c) before it modified custody and parenting time.

In a child-custody dispute, once the trial court determines that there is proper cause or a change of circumstances and it assigns the moving party the appropriate burden of proof, the court must address the best interests of the child:

> Both the statutory best interest factors in the [CCA], MCL 722.23, and the factors listed in the parenting time statute, MCL 722.27a([7]), are relevant to parenting time decisions. Custody decisions require findings under all of the best interest factors, but parenting time decisions may be made with findings on only the contested issues. [*Shade*, 291 Mich App at 31-32).]

Here, the parties shared legal custody of ELT and, although Jensen had sole physical custody of her, Thiel participated in regular, frequent parenting time. The trial court's order effectively terminated Thiel's parenting time because it was dependent on Jensen's approval and the parties' relationship was plainly contentious. It was clear legal error that, despite the significant changes made in the order, the trial court did not consider any of the best-interest factors in MCL 722.27(1)(c) as required. *Barretta*, ___ Mich App at ___; slip op at 8. It was also error for the court to focus on findings made in 2021 rather than ELT's best interests in 2024.

Thiel maintains that the trial court's failure to hold an evidentiary hearing violated his due process rights. "Parents have a significant interest in the companionship, care, custody, and management of their children, and the interest is an element of liberty protected by due process." *Id.*, slip op at 8 (quotation marks and citation omitted). This right may only be denied when there is clear and convincing evidence establishing parenting time "would endanger the child's physical, mental, or emotional health." MCL 722.27a(3). Furthermore, "[b]ecause the liberty interests at stake when a court seeks to limit or deny parenting time or custody are powerful, to satisfy constitutional due process standards, the state must provide the parents with fundamentally fair procedures." *Id.* (quotation marks and citation omitted). Accordingly, this Court has repeatedly emphasized that "[a] hearing is required before custody can be changed on even a temporary basis." [*Barretta*, ___ Mich App at ___; slip op at 9. Further, "[i]f a trial court's decision to modify parenting time will alter a child's custody, even on a temporary basis, a hearing to determine the child's best interests must be conducted." *Id.*

-6-

As discussed, the trial court neglected to address any of the pertinent inquiries required under MCL 722.27(1)(c) before it modified the custody and parenting time orders, and further erred by failing to conduct an evidentiary hearing on ELT's best interests. See *Barretta*, ___ Mich App at ___; slip op at 10. Again, this was clear legal error that interfered with Thiel's parental rights.

## V. PARENTING TIME

We further hold that the trial court erred when it suspended Thiel's parenting time without first holding an evidentiary hearing and making the requisite findings of fact, and when it failed to grant parenting time in a frequency, duration, and type reasonably calculated to promote a strong relationship between Thiel and ELT.

The CCA "recognizes that parenting time is not merely a right of the parent, but also a right of a child and thus an obligation of the parent." *Delamielleure v Belote*, 267 Mich App 337, 340; 704 NW2d 746 (2005). MCL 722.27a governs parenting time, providing, in pertinent part:

> (1) Parenting time shall be granted in accordance with the best interests of the child. It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents. Except as otherwise provided in this section, parenting time shall be granted to a parent in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time.

> (2) If the parents of a child agree on parenting time terms, the court shall order the parenting time terms unless the court determines on the record by clear and convincing evidence that the parenting time terms are not in the best interests of the child.

> (3) A child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health.

As with its change of legal custody, the trial court suspended Thiel's parenting time without making the requisite findings regarding the impact on ELT's physical, mental, or emotional wellbeing. The court briefly stated that ELT wanted to maintain a relationship with Thiel, but it failed to consider how the suspension of Thiel's parenting time would affect the child. As previously stated, the trial court did not hold an evidentiary hearing, nor did it elicit any testimony from the parties, or consider any of the parties' motions or the GAL reports. Without that evidence, the trial court did not fulfill its obligation to make factual findings regarding the effect on ELT. See MCL 722.27a(3). The trial court's failure to adequately address these factors again amounted to clear legal error. *Barretta*, ___ Mich App at ___; slip op at 11.

The court also failed to grant parenting time in a frequency, duration, and type reasonably calculated to promote a strong relationship between ELT and Thiel. Instead, the trial court left Thiel's parenting time to the discretion of Jensen, although the parties failed to work together to parent ELT. The trial court also did not order parenting time in "specific terms" and, other than

voicing its intent to penalize Thiel for his conduct, the court did not explain how conditioning his parenting time on Jensen's approval would preserve his relationship with ELT. See MCL 722.27a(8). Again, this was clear legal error.

## VI. CONCLUSION

For the reasons discussed, we vacate the trial court's June 28, 2024 order and remand for the trial court to conduct an evidentiary hearing on custody and parenting time. The trial court must first decide whether proper cause or a change of circumstances has been established by a preponderance of the evidence, then must determine, within the proper legal framework, the existence of an established custodial environment, the proper burden of proof, and ELT's best interests. When determining custody and parenting time, the trial court must follow the requirements of the CCA, and it must detail the required findings of fact.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett